O’CONNELL, Justice.
The employer and carrier seek review by certiorari of an order of the Industrial Commission affirming an order awarding compensation benefits to the claimant, Claude Howell.
In his order, which was affirmed by the full commission, the deputy, after outlining the claimant’s difficulties in performing his present employment, concluded that the claimant was able to keep his present employment because it was sheltered; “he would have great difficulty in securing employment on the open labor market and could not reasonably be expected to earn in the open labor market better than $40.00 to $50.00 a week”; and that the claimant “sustained permanent partial disability of the body as a whole from a functional standpoint to the extent of 30% of the body as a whole.” The deputy awarded claimant $42.00 a week for 105 weeks, i. e., 30% of the maximum number of weeks allowable for permanent partial disability; 7Y¿ cents per mile traveled in obtaining medical attention; attorneys’ fees; and witnesses’ fees.
The employer-carrier, referred to hereafter as the employer, contends that the commission erred in affirming the deputy’s order for the reason that there was no adequate finding of any loss of wage earning-capacity and there is no competent substantial evidence to support: (1) the award of 105 weeks compensation; (2) the award of 7Yz cents per mile for travel in obtaining medical attention; or (3) the finding that claimant reached maximum medical recovery on August 5, 1960.
The employer also argues that if the award of benefits is reduced by this Court the amount of attorneys’ fees should be reduced proportionately. If the award is allowed to stand the employer concedes that the fee allowed is proper.
Inasmuch as we must quash the order of the commission and remand this cause to the deputy for further proceedings, we need only say that in such proceedings the deputy must reappraise the award of attorneys’ fees in light of the new order which will follow therefrom.
The claimant concedes that there is nothing in the record to support the award to claimant of medical transportation expenses at the rate of 7^4 cents per mile, the rate allowed under Commission Rule No. IS “when the employee is entitled to such *136 reimbursement for transportation by private automobile." (emphasis ours)
On remand, the deputy must determine on proper evidence what method of transportation the claimant utilized in obtaining medical treatment and the number of miles traveled. He must make a finding thereon and a proper award therefor.
As to the question of the date of maximum medical recovery found by the deputy to be August 5, 1960, there is some evidence to support this finding in the deposition of Dr. Irwin Perlmutter, a neurosurgeon who examined claimant on August 5, 1960 and again on March 8, 1961. This physician also had an electroencephalogram performed on claimant on March 21, 1961.
This physician testified that on his examination of August 5, 1960 claimant’s only complaint was that his nose, which had been operated on about nine days earlier, was sore and that he was weak and nervous. This physician testified that a neurological examination given that date was negative.
Dr. Perlmutter’s written report of his August 5, 1960 examination, admitted in evidence, corroborated his deposition. However, the written report stated that the patient on that date was doing well and was told that “another few days at home and he might be ready to return to work.”
The evidence shows that the claimant returned to work on August IS, 1960. However, the general practitioner who treated claimant did not discharge him until November 4, 1960 and the eye, ear, nose and throat specialist who treated him and operated on his nose, fractured in the admittedly compensable accident, saw him last on November 10, 1960.
The sum of this evidence forces the conclusion that the deputy erred in determining that claimant reached maximum medical recovery on August 5, 1960.
On remand the deputy must again consider and decide this issue.
We come then to the major point at issue in this proceeding, i. e., the correctness of the award of 105 weeks of compensation to the claimant.
It should be noted that in one part of his findings the deputy seems to be dealing in loss of wage earning capacity by claimant. He states that claimant, who was earning $82.00 per week at the time of his injury and the same amount at the time of the hearing, was able to do so only because his employment was sheltered and that on the open labor market he could only earn $40.00 to $50.00 per week.
However, in the next paragraph of his order he states that claimant suffered “permanent partial disability of the body as a whole from a functional standpoint to the extent of 30% of the body as a whole.”
It seems clear that the deputy made his award on the basis of the functional disability which he found claimant to have. This seems so because there is no evidence in the record to support any loss of wage earning capacity to the extent of 30%, nor did the deputy so find. Further, the 105 weeks compensation awarded by the deputy seems to be arrived at by applying the 30% functional disability to the 350 weeks maximum compensation allowed for permanent partial disability under Sec. 440.15(3) (u), F.S.A.
We made it clear in Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617, that functional disability was not necessarily indicative of loss of wage earning capacity, the measure by which compensation for unscheduled injuries must be gauged. Nevertheless, the deputy seems to have used functional disability as the measure here.
Assuming, however, for the sake of argument, that the deputy intended to base his award on a loss of wage earning capacity, as noted above there is no competent substantial evidence to support a finding of 30% loss of wage earning capacity. *137 While there is some evidence to support a finding that the claimant’s employment may be sheltered to some small extent there is no evidence to support the statement of the deputy that he could not earn more than $40.00 to $50.00 per week on the open labor market.
For the reasons above expressed the order of the Industrial Commission is > quashed with directions that the cause be remanded to the deputy for further proceedings consistent with this opinion.
ROBERTS, C. J., and TERRELL, THOMAS and CALDWELL, JJ., concur.