O’CONNELL, Justice.
The order of the deputy commissioner awarded the claimant-respondent compensation for a 40% permanent partial disability of the body, but denied claimant payment or reimbursement of medical expense on the ground that claimant had made no request for treatment.
The petitioner-employer sought review by the Full Commission and the claimant filed a cross-petition. The Full Commission affirmed the deputy by its usual short form order.
*582 Before us the employer contends, first, that the record fails to support the finding of the deputy that claimant has suffered a 40% loss of wage-earning capacity and, second, that the deputy failed to find that the claimant gave the employer notice of accident on injury as required by Section 440.18(1), F.S.A.
The claimant has cross-petitioned, complaining that the deputy erred in: (1) not finding him to be permanently and totally disabled; (2) not awarding payment or reimbursement for medical and transportation expense; and (3) not assessing penalties against the employer as authorized by Section 440.20(5), F.S.A.
We consider the employer’s contentions first and in reverse order.
It is true that the deputy did not make any finding on the disputed issue of whether the claimant did or did not give the employer or the commission notice of the injury within 30 days, as required by Section 440.18(1). If properly presented the question would require remand for such a finding by the deputy. But the employer did not present this question to the Full Commission and therefore we cannot consider it for the first time here.
As to the issue of the sufficiency of the evidence in the record to support the finding of 40% permanent partial disability, i. e., loss of wage-earning capacity, we must agree with the petitioner-employer. The record does not support this finding.
Nothing can be gained from a recitation of the evidence on this point. Suffice it to say that the record at best shows that claimant has sustained a 35% functional disability of the body as a whole due to the combined effect of the subject back injury and a pre-existing one; that claimant has pain in his back and legs; and that he cannot and should not perform heavy work. However, this does not necessarily indicate loss of wage-earning capacity. The record shows that claimant is a relatively young man, is a high school graduate with one-half year at college, and has worked several years as a salesman for various drug companies.
Claimant testified that he has made many applications for work with drug companies and with other prospective employers, but has been unable to secure employment. However, there is no evidence to show that claimant’s inability to secure such work is due to his injury, or that he is, because of the injury, suffering a loss of wage-earning capacity in work he can perform.
We have, in several cases, discussed the necessity of showing loss of wage-earning capacity as opposed to mere functional loss or loss of wages. Ball v. Mann, Fla.1954, 75 So.2d 758; Southern Bell Telephone and Telegraph v. Bell, Fla.1959, 116 So.2d 617; Horace Z. Brunson Plumbing and Heating Co. v. Mellander, Fla.1961, 130 So.2d 273, and Boston-Old Colony Ins. Companies v. Howell, Fla.1962, 147 So.2d 134. What we said in those cases is applicable to this one and requires that the orders of the deputy and the Full Commission be reversed and remanded for further proceedings.
We turn now to the points raised by the claimant in his cross-petition.
Inasmuch as we have found that the record is inadequate to support a finding of 40% loss of wage-earning capacity, it follows that we must find that the deputy did not err in failing to find the claimant totally and permanently disabled.
Claimant’s second point is also without merit. The record supports the deputy’s finding that the claimant did not request the employer to furnish medical services to him, and no showing is made which would excuse the lack of such a request.
Claimant’s third point, that the deputy erred in not assessing penalties against the employer, necessarily involves the question of whether the claimant gave the notice required by Section 440.18(1). As above noted, the deputy made no finding *583 as to this notice. Without such a finding we cannot determine the correctness of the deputy’s order on this point
For the reasons above-expressed, the cross-petition for certiorari is denied. The petition of the employer is granted, the writ is issued and the order of the Full Commission is quashed with directions to vacate the order of the deputy and remand the cause to him for further proceedings.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and THORNAL, JJ., concur.