CALDWELL, Justice.
On November 1, 1961, claimant injured his low back in a work-connected accident and was paid compensation for temporary total disability from the date of the accident until March 21, 1963, the date of maximum medical improvement, and for a ten per cent permanent partial disability of the body as a whole. The claim for compensation in excess of ten per cent did not include medical payments but at a hearing the claimant submitted evidence of physician and drug bills, without objection by the employer-carrier.
The evidence before the deputy revealed the claimant had suffered a herniated disc in the low back. The deputy found that prior to the accident the claimant suffered a twenty per cent permanent physical impairment due to arthritis, a service connected disability. Upon this evidence, the deputy found the claimant had sustained no more than ten per cent permanent partial disability from the industrial accident, for which he had already been compensated, and dismissed the claim. The deputy also found the claimant had not been discharged by the employer but had left of his own accord. The deputy’s order did not refer to medical expenses.
On appeal the Full Commission vacated the order of the deputy commissioner and remanded for the following reasons:
1. The deputy commissioner erred in finding the employee left the employer of his own accord.
2. The deputy commissioner erred in not making findings of fact regarding the reimbursement of medical expenses; and
3. The deputy commissioner erred in basing his findings of the claimant’s *761 percentage of disability upon physical disability rather than loss of wage earning capacity.
There is competent substantial evidence in the record to support the holding •of the deputy that the employee left employer of his own accord and that he suffered no more than ten per cent permanent partial disability. There was evidence that •claimant was making approximately a dollar more per hour at Pratt & Whitney Aircraft, the employer herein, than he subsequently earned at Butler Aviation but that he had left the employer herein voluntarily because the noise involved in testing aircraft engines was giving him ear trouble. The deputy found claimant had the ability to work without impairment for several •other employers after leaving Pratt & Whitney. His job at Butler Aviation, which he obtained immediately on leaving Pratt & Whitney, consisted of driving out to the aircraft, parking the aircraft, bringing in suitcases and baggage, refueling the aircraft, and bringing the aircraft in and ■out of the hangars.
After a year at Butler Aviation claimant began looking for another job and ■stated in his application that he was leaving Butler because he preferred more responsibility. Again he stated that he left Pratt & Whitney because the excessive noise caused him ear trouble.
In determining the degree of permanent partial disability the deputy concluded: “ * * * because of claimant’s service connected physical difficulties which preexisted the accident here, and claimant’s injury by accident about September 29, 1961, which had the same symptoms as claimant was treated for in this industrial accident, and which is responsible for physical impairment in addition to his service connected impairment and disability and injury in this industrial accident, I cannot determine claimant’s loss of wage earning capacity due solely to the accident herein and must rely on the physical rating by the treating physician, Dr. Howard K. Peacock.”
We have held that a disability rating may not be determined solely on the basis of functional disability. However, that is not to say the deputy may not consider the functional disability rating along with other factors in arriving at the proper award. In actual practice the loss of wage earning capacity often but not necessarily exceeds the functional disability rating.[1] In the case before us the deputy was confronted with circumstances which made loss of wages in itself an unreliable basis upon which to determine loss of earning capacity. There is some indication in the deputy’s order that he considered the Ball[2] and Bell[3] variables but he failed to make specific findings in regard thereto. The lack of findings plus the deputy’s total reliance on the functional rating requires that we affirm the Full Commission’s remand on this point.
The deputy also erred in failing to make finding regarding medical expenses which, although not included in the formal claim, were alluded to in the notice of hearing filed the same day and were considered by -consent of the parties. Whether the medical expenses were properly submitted for payment is questioned. The deputy must determine and state his findings on this point.
In view of the foregoing, certiorari is granted, the order of the Full Commission is quashed in part and affirmed in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
THORNAL, C. J., THOMAS and ERVIN, JJ., and PARKER, Circuit Judge, concur.

. Montgomery Ward & Co. v. Hayes, 172 So.2d 581 (Fla.1965).

. Ball v. Mann, 75 So.2d 758 (Fla.1954).

. Southern Bell Telephone & Telegraph Co. v. Bell, 116 So.2d 617 (Fla.1959).