410 So.2d 640 (1982)
Harold E. HUNT, Appellant,
v.
INTERNATIONAL MINERALS AND CHEMICAL CORPORATION, Appellee.
No. AB-408.
District Court of Appeal of Florida, First District.
March 8, 1982.
Susan R. Whaley of MacFarlane, Ferguson, Allison & Kelly, Tampa, and W. James Kelly, Lakeland, for appellant.
Charles E. Bentley and C. Kenneth Stuart, Jr., of Holland & Knight, Bartow, for appellee.
WENTWORTH, Judge.
Claimant/appellant in this workers' compensation case appeals an order of February 4, 1981, dismissing a claim for temporary disability compensation on the ground that it covered disability antedating an order of October 31, 1980, and was necessarily determined by that order. We affirm.
Claimant suffered a compensable accident on January 20, 1976. On October 5, 1976, he filed a claim for temporary total, temporary partial, permanent partial and permanent total disability as well as medical benefits, rehabilitation benefits, etc. No hearing was held on the claim until August 22, 1980. This hearing was pursuant to an application for hearing filed by the employer/carrier stating that the reason for requesting a hearing was "Final hearing to conclude this matter." The notice of hearing was sent on July 9, 1980, stating that the object of the hearing was "Final hearing to determine merits of the claim." The pre-trial stipulation sheet stated that the claim to be heard was for permanent partial disability (PPD) benefits. On October 31, 1980, an order was entered by Deputy Commissioner Blankner. That order stated that the claim was for PPD of the arm in excess of the 25% previously accepted; loss of wage earning capacity in excess of anatomical rating; costs, interest and attorney's fees. PPD benefits were awarded and the order stated a reservation of jurisdiction to determine attorney's fees "as well as other issues as they may arise."
In November 1980 claimant filed an application for hearing on the issue of temporary benefits. The employer/carrier filed a motion to dismiss on the grounds that the August 22, 1980 hearing was final and that if claimant disagreed with the resulting order his remedy was to appeal. A hearing was held on the motion on January 1, 1981, before Deputy Commissioner Fontaine, who agreed with the employer/carrier and dismissed *641 the claim by order dated February 4, 1981. That order is now appealed.
Appellant argues that the October 1980 order was limited to a determination of permanent benefits because of the pretrial stipulation, but that the stipulation did not waive his right to other benefits. In addition, appellant points to the piecemeal nature which is inherent in, and unique to, workers' compensation proceedings. The comment following Fla.W.C.R.P. 16 treats that doctrine:
Workers' compensation cases, of necessity, are taken up piecemeal. A workers' compensation case requires this treatment because the various entitlements of the claimant (which generate potential issues to be heard by the Deputy Commissioner) mature at different times as the course of the claimant's physical recovery progresses. A workers' compensation case, unlike other personal injury litigation, can engender successive issues as to medical treatment, the entitlement to temporary disability benefits, the entitlement to permanent disability benefits, as well as ancillary issues of penalties, costs, attorney's fees and some other rather exotic issues. These can result in successive hearings and successive orders which are all equally final, and all equally appealable. This is not only necessitated by the nature of a workers' compensation case but also is required by the Statute and the existing rules which allow claims and trials of only the matured issues. (See in this regard F.S. 440.25 and existing Workers' Compensation Rule of Procedure 7.) This of course is different from other sorts of personal injury litigation in which the matter is tried at one time, and all issues are presented. For other sorts of litigation, the notice of appeal currently found in Rule 16 is sufficient. The parties know what is being appealed, and, even if they don't, it makes little difference since no additional trials are contemplated. [emphasis supplied]
The clear import of these principles is that claims for various benefits may be treated as they mature, while determination of immature claims is necessarily postponed until they are ripe. This procedure neither requires nor permits piecemeal litigation of claims after maturity.
In Green Thumb Corp. v. Britten, 393 So.2d 613 (Fla. 1st DCA 1981), we held that an order, which did not grant a claim for medical mileage then due, should be regarded as dispositive of that claim when no evidence was presented on the issue. In that case no reference was made to any claim of waiver or estoppel against employer/carrier.
Here there is presented the additional point that the claim for temporary benefits, which was mature at the time of the 1980 hearing, was not expressly determined because the parties had stipulated that the hearing would be limited to the issue of entitlement to permanent benefits. Claimant was, however, provided notice that the 1980 hearing was final in nature, and if other benefits were then due, as to which he did not wish to rely on voluntary compliance, he should not have stipulated to limiting the hearing to permanent benefits. If, as claimant suggests, evidence was submitted showing his entitlement to temporary benefits in 1980,[1] he might then have argued the stipulation was thereby amended or abandoned and that the deputy commissioner erred in declining to determine that issue. Pratt and Whitney Aircraft v. Golas, 192 So.2d 759 (Fla. 1966); Maffitt v. Henderson's Portion-Pak, Inc., 132 So.2d 410, *642 at 412 (Fla. 1961). However, the proper occasion for that argument was on appeal of that order, the time for which is, of course, long past.
The order dismissing appellant's claim for temporary benefits is therefore affirmed.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] The current order states:

"In considering Deputy Commissioner Blankner's Order of October 31, 1980, I find that he made certain findings relating to temporary compensation. He found, `the claimant missed little time from work but it was a long period of time before he returned to his regular job activity and when he did it was at a reduced capacity.' He further found that `the employer was willing to provide essentially sheltered employment immediately after the accident and injury. The claimant was doing very little except reporting to work everyday. Had it not been for this arrangement the claimant obviously would have been entitled to a substantial period of temporary total disability compensation."