426 So.2d 1312 (1982)
TOWN OF PALM BEACH and Gallagher Bassett Ins. Co., Appellants,
v.
Remare WATTS, Appellee.
No. AG-291.
Court of Appeal of Florida, First District.
June 18, 1982.
Rehearing Denied February 22, 1983.
*1313 Richard H. Gaunt, Jr., West Palm Beach, for appellants.
Michael J. Amendola of Stierer, Amendola & Kaplan, West Palm Beach, for appellee.
PER CURIAM.
Employer/carrier appeal a workers' compensation order which patently does not dispose of all matured issues in controversy between the parties. Compensation proceedings may, of course, generate successive appealable final orders, each covering all benefits then due and not agreed between the parties. Hunt v. International Minerals, 410 So.2d 640 (Fla. 1st DCA 1982). A deputy may also enter interim orders as to a portion of a claim before him, but by definition such a ruling is interlocutory when it disposes of less than all matters which are ripe for determination and not stipulated between the parties on the claim. The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982); General Electric Co. v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982).
The appeal is therefore dismissed sua sponte without prejudice to review of the order in the event of appeal from a final order on the claim.
BOOTH, WENTWORTH and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
By motion for rehearing, the employer/carrier (E/C) contends that in dismissing this appeal as a nonfinal order we have misapprehended or misinterpreted the effect of the order being appealed. We adhere to the order of dismissal with clarification as follows.
The order appealed states in significant part:
The employer in this case left the claimant without any realistic medical care.
... .
Due to the unfortunate circumstances in this case, there is no current medical testimony. Based upon my observations of claimant, his complaints and his attempts to secure work, I find that he remained temporarily totally disabled through December 3, 1980. I accept the employer's arguments that jurisdiction should be reserved as to the claimant's disability after December 3, 1980. [e.s.]
Since the order is dated September 14, 1981, the reserved issue of entitlement to benefits preceding that date, and after December 3, 1980, was necessarily a mature issue in controversy under the claim pending between the parties at the time of the hearing. In Hunt v. International Minerals, 410 So.2d 640 (Fla. 1st DCA 1982), we found a claimant to be barred from litigating additional issues which had been ripe for determination during prior proceedings, even though the parties had by stipulation limited those proceedings to the single issue of permanent benefits. Similarly, in this case we hold that a party may not appeal an order which patently does not dispose of all matured issues in controversy. In so holding, we note that the postponement of such issues was at the request of the E/C. If, instead, the hearing had been so limited over objection by either party, the remedy for review of such action would lie in a petition for writ of certiorari. Fla.R.App.P. 9.030(b)(2).
Motion for rehearing is denied.
BOOTH, WENTWORTH and WIGGINTON, JJ., concur.