NIMMONS, Judge.
In these consolidated appeals, Chisholm appeals two orders of the deputy commissioner pertaining to his July 18, 1980, on-the-job back injury.
The first order entered on February 10, 1982, denied Chisholm’s claim of entitlement to permanent total disability (PTD). We hold that there was competent substantial evidence presented at the January 14, 1982, hearing to support the deputy commissioner’s finding that Chisholm was not permanently and totally disabled under the applicable statute.[1] We, therefore, affirm that order.
*700 The second order from which Chisholm appeals is an order entered by the deputy on June 28, 1982, pertaining to Chisholm’s April, 1982, application for hearing on a claim for wage-loss benefits for the period of December 24, 1981, through March 18, 1982. The deputy ruled that he was without jurisdiction to consider such claim because the deputy’s above-referred order denying Chisholm’s previous claim for PTD was pending on appeal. The employer/carrier (E/C) contends that the deputy’s order should be affirmed because: (1) the claim for wage-loss benefits was not presented at the first hearing on January 14, 1982; and (2) the deputy was without jurisdiction in view of the pendency of Chisholm’s appeal from the previous order. We disagree.
With respect to E/C’s assertion that Chisholm was required to present his claim at the January 14, 1982, hearing, the brief answer to that is that there was no matured wage-loss claim at the time of that hearing. The record in this case is clear that Chisholm has received rehabilitative temporary total disability benefits through December 24, 1981. The earliest period for which wage-loss could be claimed would, therefore, be for the period beginning December 24,1981. Even if claimant had, at the time of the January 14 hearing on PTD, alternatively claimed entitlement for wage-loss benefits, such claim would not have been ripe for hearing on January 14 given the statutory timetable and notice provisions governing wage-loss claims. See §§ 440.-20(4), 440.185(10), Florida Statutes, and W.C.R.P. 8.
The remaining contention by E/C that the deputy was without jurisdiction to hear any wage-loss claim because of the penden-cy on appeal of the PTD order is equally without merit. As we have previously recognized, piecemeal handling of workers’ compensation proceedings is inherent in the statutory scheme governing such proceedings. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640 (Fla. 1st DCA 1982). The comment following W.C.R.P. 16 is apropos:
[I]n some regards workers’ compensation cases are unique, and this uniqueness generates special needs for workers’ compensation appeals not present in appeals involving other litigation.
******
Workers’ compensation cases, of necessity, are taken up piecemeal. A workers’ compensation case requires this treatment because the various entitlements of the claimant (which generate potential issues to be heard by the Deputy Commissioner) mature at different times as the course of the claimant’s physical recovery progresses. A workers’ compensation case, unlike other personal injury litigation, can engender successive issues as to medical treatment, the entitlement to temporary disability benefits, the entitlement to permanent disability benefits, as well as ancillary issues of penalties, costs, attorney’s fees and some other rather exotic issues. These can result in successive hearings and successive orders which are all equally final, and all equally appeala-ble. This is not only necessitated by the nature of a workers’ compensation case but also is required by the Statute and the existing rules which allow claims and trials of only the matured issues. (See in this regard F.S. 440.25 and existing Workers’ Compensation Rule of Procedure 7.) This of course is different from other sorts of personal injury litigation in which the matter is tried at one time, and all issues are presented.
Neither statutory provisions nor the Florida Workers’ Compensation Rules precluded the deputy from hearing Chisholm’s wage- *701 loss claim during the pendency of his appeal from the final order denying the PTD claim. This conclusion is not inconsistent with Fla.W.C.R.P. 20(b) “Proceedings Pending Review”[2] as a close reading thereof will demonstrate.
We do not believe that our holding will present any substantial problem in the prosecution and handling of workers’ compensation cases. If the deputy had proceeded to hear the claimant’s wage-loss claim as scheduled on June 22,1982, and had ordered the E/C to pay wage-loss benefits, and if this Court subsequently reversed the deputy’s previous order denying PTD, the E/C would, of course, be entitled to credit on its subsequently determined PTD obligations for the amounts paid as wage-loss. On the other hand, to sustain the deputy’s ruling of lack of jurisdiction would force a potentially deserving claimant to wait for resolution of the question of his entitlement to significant compensation benefits for a substantial period of time pending resolution of the first appeal.
The deputy’s first order appealed from is affirmed as previously noted herein. The deputy’s second order is reversed and remanded for hearing on the wage-loss claim.[3]
BOOTH and WIGGINTON, JJ., concur.

. Section 440.15(l)(b), Florida Statutes (1979), provides in pertinent part:
“[N]o compensation shall be payable under paragraph (a) if the employee is ... physical *700 ly capable of engaging in, gainful employment, and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation.”

. “(b) Further Proceedings.
(1) In the absence of a stay, during the pend-ency of a review of a non-final order, the deputy may proceed with all matters, including final hearing; provided that the deputy may not enter a final order disposing of the cause pending such appeal.
(2) When the jurisdiction of the deputy has been divested by an appeal from a final order, the court by order may permit the deputy to proceed with specifically stated matters during the pendency of the appeal.
(3) Pending appeal the deputy shall retain jurisdiction to enter orders on all matters of the claim which have not been appealed.”

. Assuming without deciding — since no such issue has been raised herein — that with respect to the period between December 24, 1981, and January 14, 1982, the claimant will be bound in the wage-loss hearing by the deputy’s finding in the first order that “the claimant has voluntarily limited his employment,” such a finding would not by itself justify a complete denial of wage-loss benefits. Section 440.15(3)(b)2 provides in pertinent part:
“In the event the employee voluntarily limits his or her income or fails to accept employment commensurate with his or her abilities, the salary, wages, and other remuneration the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his or her income or accepted appropriate employment.”