433 So.2d 46 (1983)
SHEFFIELD STEEL PRODUCTS and FCCI Fund, Appellants,
v.
Gary TRIPP, Appellee.
No. AO-478.
District Court of Appeal of Florida, First District.
June 21, 1983.
Stephen J. deMontmollin of McGalliard, Mills, deMontmollin & Smith, Gainesville, for appellants.
John F. Sproull of Harriett & Sproull, Palatka, for appellee.
PER CURIAM.
The employer/carrier appeals an order of the deputy commissioner which did not dispose of all matured issues in controversy between the parties. In her order, the deputy found that the injuries to the claimant's neck were the result of a compensable accident and the deputy purported to reserve jurisdiction "to determine the extent and period of such disability and/or wage loss benefits." However, such issues were ripe for determination and, thus, the order was non-final and not appealable. See Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982); Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982); The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982). In *47 Town of Palm Beach, supra, this Court stated:
Compensation proceedings may, of course, generate successive appealable final orders, each covering all benefits then due and not agreed between the parties. Hunt v. International Minerals, 410 So.2d 640 (Fla. 1st DCA 1982). A deputy may also enter interim orders as to a portion of a claim before him, but by definition such a ruling is interlocutory when it disposes of less than all matters which are ripe for determination and not stipulated between the parties on the claim.
The appeal is, therefore, dismissed sua sponte without prejudice to review of the order in the event of appeal from a final order on the claim.
LARRY G. SMITH, JOANOS and NIMMONS, JJ., concur.