ON MOTION FOR EMERGENCY RELIEF
PER CURIAM.
Claimant/appellee has filed a motion seeking an order remanding (relinquishing jurisdiction of) this case to the deputy commissioner so that he might consider the claim for emergency relief. Because we deem such an order unnecessary, we deny the motion.
Claimant’s motion asserts that prior to the hearing which resulted in the present appeal, each of the carriers were paying one half of claimant’s temporary total disability benefits and medical benefits. However, when the final order was entered finding appellant GAB/Florida Power to be solely liable, both carriers ceased payment of the temporary benefits. The motion further asserts that CNA has offered to pay one half of the benefits if GAB will also pay one half. GAB resists such payment, asserting that if it is successful in this appeal, it will not be reimbursed for its overpayments by CNA.
Because we find that the deputy commissioner has jurisdiction to determine the claim for emergency relief, we do not reach the merits of claimant’s entitlement except to note that any overpayment made by GAB pursuant to an order of the deputy would be subject to the reimbursement terms of § 440.42(3). The appeal in this case is from an order determining a controversy as to which of two carriers is liable. The claim for emergency relief is a separate claim which ripened after the entry of the final order giving rise to this appeal. Thus, it is a claim which may generate a separate final order which itself would be appealable. See Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982); Hunt v. International Minerals, 410 So.2d 640 (Fla. 1st DCA 1982). Therefore, the motion for emergency relief filed in this court is denied without prejudice to claimant’s right to renew the claim before the deputy commissioner.
MILLS, SHIVERS and WENTWORTH, JJ., concur.