MILLS, Judge.
Helen L. Musgrove files a petition for writ of certiorari seeking review of a non-final order of the deputy commissioner granting respondents’ motion to stay her claim for wage-loss benefits. The deputy granted the motion on the ground that she was without jurisdiction to consider such claim while an earlier order denying Mus-grove’s claim for permanent total disability (PTD) benefits was pending on appeal. We grant the petition, quash the order of the deputy commissioner staying Musgrove’s wage-loss claim and remand for further proceedings.
Musgrove was injured in a compensable accident in 1982. A September 1986 claim for PTD benefits from August 1986 and continuing was denied, not for lack of permanent impairment, but because surveillance films allegedly belied medical testimony and testimony by Musgrove concerning the extent of her physical limitations. The order denying PTD was appealed to this court where the case is now pending.
In June 1987, Musgrove filed a claim for wage-loss benefits from August 1986 through May 1987. After the claim was set for hearing, the respondents filed a motion to stay the hearing, on the sole ground that the deputy was without jurisdiction to hear further claims for compensation until the appeal from the denial of PTD was resolved. The stay was granted on the stated ground that the deputy had “no jurisdiction over any claim for any compensation benefits while the appeal of the denial of PTD was pending”. No authority for this proposition is cited in either the motion or the order.
It was clearly held by this court in Chisholm v. McCormick, Conduit, Buckley, 437 So.2d 699 (Fla. 1st DCA 1983) that “[njeither statutory provisions nor the Florida Workers’ Compensation Rules preclude the deputy from hearing [a claimant’s] wage loss claim during the pendency of his appeal from the final order denying the PTD claim”. Chisholm at 700-01. The court went on to state:
We do not believe that our holding will present any substantial problem in the prosecution and handling of workers’ compensation cases. If the deputy had proceeded to hear the claimant’s wage-loss claim as scheduled ... and had or *310 dered the E/C to pay wage-loss benefits, and if this Court subsequently reversed the deputy’s previous order denying PTD, the E/C would, of course, be entitled to credit on the subsequently determined PTD obligations for the amounts paid as wage-loss. On the other hand, to sustain the deputy’s ruling of lack of jurisdiction would force a potentially deserving claimant to wait for resolution of the question of his entitlement to significant compensation benefits for a substantial period of time pending resolution of the first appeal.
Chisholm at 701.
The only other issue raised by respondents is that the deputy’s ruling against Musgrove on the PTD issue is somehow res judicata against her entitlement to wage-loss benefits. We disagree. The order denying PTD held only that Mus-grove’s physical limitations were not sufficient to warrant a finding of PTD. This holding, even if affirmed, would not preclude a finding of entitlement to wage-loss benefits.
The petition for writ of certiorari is granted, the order staying Musgrove’s claim for wage-loss benefits is quashed and the case is remanded for further proceedings.
SMITH, C.J., and SHIVERS, J., concur.