652 So.2d 443 (1995)
Kevin BRADLEY, Appellant,
v.
The HURRICANE RESTAURANT and Associated Industries of Florida Property and Casualty Trust, Appellees.
No. 94-3795.
District Court of Appeal of Florida, First District.
March 20, 1995.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
William E. Curphey and Robert J. Grace, Jr. of Stiles, Taylor & Metzler, P.A., Tampa, for appellees.

ON MOTION TO DISMISS
PER CURIAM.
Claimant has appealed an order of the Judge of Compensation Claims entered after holding an emergency conference pursuant to subsection 440.25(4)(h), Florida Statutes (Supp. 1994). The order granted in part and denied in part a claim for benefits found to involve an emergency. Employer and Carrier now move to dismiss the appeal for lack of jurisdiction, urging that the order (1) is not a non-final order that can be appealed under rule 4.160, Florida Rules of Workers' Compensation Procedure, and (2) is not appealable as a final order because a claim for postsurgical attendant care alleged in the original claim remains pending and undisposed of by the appealed order. For the reasons discussed below, we hold that the order is a final order that may be appealed to this court, and thus deny the motion to dismiss.
The amendments to chapter 440, Florida Statutes, enacted during the 1993 special session, chapter 93-415, Laws of Florida, effected substantial changes to the existing workers' compensation scheme. Section 440.25, entitled "Procedures for mediation and hearings," was substantially rewritten to set forth procedures and requirements for the resolution of disputed claims not heretofore known in the workers' compensation act. Among other things, section 440.25 provides in paragraph (4)(h):
Notwithstanding any other provision of this section, the judge of compensation claims may require the appearance of the *444 parties and counsel before him without written notice for an emergency conference where there is a bona fide emergency involving the health, safety, or welfare of an employee. An emergency conference under this section may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims.
The direct and unambiguous language of this paragraph manifests a clear purpose to make benefits available to an injured employee as soon as possible whenever the judge of compensation claims determines in a particular case that "a bona fide emergency involving the health, safety, or welfare of an employee" exists that requires immediate adjudication of one or more claims for benefits. Subsection 440.25(4)(h) empowers the judge to adjudicate such claim pursuant to an abbreviated conference or hearing and, upon making a finding that a bona fide emergency exists, to enter an order awarding or denying such claim for emergency benefits.
The only matters the judge of compensation claims may consider are those the judge determines constitute an "emergency involving the health, safety, or welfare of an employee." Other claims pending at the time of the emergency hearing, by exclusion from the provisions of the statute, are not then ripe for adjudication. By definition, a worker's compensation order that decides all issues ripe for adjudication is a final order and appealable. Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982). This statutory limitation is to be distinguished from the continuation of proceedings for updated medical information that occurred in Watts or the reservation of adjudication in ESI v. Taylor, 588 So.2d 1017 (Fla. 1st DCA 1991). Since the order in the instant case found a bona fide emergency within the meaning of subsection 440.25(4)(h) to exist and awarded in part and denied in part certain benefits, it is a final order subject to appellate review in this court.
ZEHMER, C.J., and BARFIELD and DAVIS, JJ., concur.