BENTON, Judge.
Harry Michael Nape appeals an order declining to award permanent total disability and supplemental workers’ compensation benefits, but contemplating that the judge of compensation claims would revisit the question of entitlement after taking additional evidence. Concluding that the order under review is neither a final order nor a nonfinal order of the kind appealable under Florida Rule of Appellate Procedure 9.180(b)(1), we dismiss the appeal.
The judge of compensation claims stated in the order under review that the claimant, now the appellant,
is not entitled to permanent total disability benefits and supplemental benefits on the state of the record before me, but I am reserving jurisdiction on this issue and require counsel for both parties to file a report six months from the date of this order delineating the result of the Claimant’s ongoing job placement/job search efforts, at which time I will allow both parties an opportunity to present their respective positions to me at a hearing where I will take additional evidence to determine whether the Claimant has then conducted an exhaustive, yet unsuccessful search and thus, is entitled to be classified as permanently and totally disabled and entitled to permanent total disability benefits and supplemental benefits.
We conclude that this language renders the order nonfinal and nonappealable.
The only claim at issue here is appellant’s claim for permanent total disability benefits and supplemental benefits. At oral argument, counsel advised us that additional evidence was in fact adduced on this claim at a subsequent hearing before the judge of compensation claims. When the order we are asked to review was entered, the “claim was not ‘unripe’ merely because the judge desired further evidence.” ESI v. Taylor, 588 So.2d 1017, 1018 (Fla. 1st DCA 1991). Yet the order on appeal did not finally dispose of the claim.
We are not unaware that Florida Rule of Appellate Procedure 9.180(c)(1) provides that the judge of compensation claims
retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
But the rule contemplates a pending claim that was not ripe at the time a separate and distinct claim was adjudicated. See Town of Palm Beach v. Watts, 426 So.2d 1312, 1313 (Fla. 1st DCA 1982).
Recently, in Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 682(Fla. 1st DCA 1997), we said that “[i]n cases wherein a JCC expressly reserves jurisdiction on a fully tried issue that is ripe for adjudication, such reservation renders the order nonfinal and nonap-pealable.” See also Emro Mktg. v. Schwier, 670 So.2d 1141, 1143 (Fla. 1st DCA 1996)(Reservation of jurisdiction to decide whether temporary total disability benefits *1235 accrued after the date of the final hearing rendered the order nonfinal and not appeal-able.); Venice Hosp. v. Nelson, 445 So.2d 621, 622 (Fla. 1st DCA 1984)(Order awarding temporary total disability benefits but reserving jurisdiction to determine average weekly wage did not resolve all matured issues in controversy and was, therefore, an interlocutory order not reviewable by appeal.); Southern Wine & Spirits, Inc. v. Hernandez, 442 So.2d 1061 (Fla. 1st DCA 1983)(Order awarding compensation benefits and reserving jurisdiction to determine “unresolved issues,” including entitlement to payment of various medical bills, did not resolve all matured issues in controversy and was, therefore, an interlocutory order not reviewable on appeal.); Watts (Reservation of jurisdiction over entitlement to benefits alleged to have come due before the hearing, rendered order not appealable.). We specifically recede from E G & G of Florida v. Winstead, 573 So.2d 1013 (Fla. 1st DCA 1991), which we disapproved by implication in Betancourt.
Dismissed.
ERVIN and KAHN, JJ., concur.