PER CURIAM.
Upon review of Appellants’ response to this court’s order to show cause, entered August 9, 2010, we conclude the order being appealed is a non-appealable, non-final order. See Fla. R.App. P. 9.180(b)(1). The order neither awards nor denies workers’ compensation benefits, but rather concludes as a procedural matter, that the statute of limitations is tolled relative to any claim for knee replacement surgery that may be, or has been, filed. This ruling, of necessity, contemplates a need for additional judicial labor to determine Claimant’s entitlement to the only substantive benefit in question. Accordingly, the order, not entered to put an end to judicial labor regarding Claimant’s entitlement to knee surgery, but entered in express anticipation of, and for the purpose of facilitating, ongoing or future litigation regarding such entitlement, is non-final. See Augustin v. Blount, Inc., 573 So.2d 104, 105 (Fla. 1st DCA 1991) (“A final order is one which constitutes an end to the judicial labor in the cause.”); see also Town of Palm Beach v. Watts, 426 So.2d 1312, 1313 (Fla. 1st DCA 1982) (“Compensation proceedings may, of course, generate successive ap-pealable final orders, each covering all benefits then due and not agreed to by the parties.” (emphasis added)).
Under circumstances similar, but significantly distinguishable from those presented here, this court has exercised jurisdiction over a final order wherein a Judge of Compensation Claims (then Deputy Commissioner) denied the substantive medical benefit at issue, and refused to extend the statute of limitations for treatment which was likely to occur after the expiration of the statute of limitations — thus, putting an end to the judicial labors necessary to resolve the claimant’s entitlement to the benefit at issue in the lower tribunal. See Mahoney v. Sears, Roebuck & Co., 438 So.2d 174 (Fla. 1st DCA 1983). We find no authority for the exercise of jurisdiction over an order where entitlement to the substantive benefit at issue (the sine qua non of workers’ compensation litigation) is unresolved, and expressly forestalled, by the lower tribunal. Because the order on appeal is neither a final order nor an ap-pealable non-final order specifically referenced in Rule 9.180(b)(l)(A)-(C), we do not have jurisdiction over this appeal. Accord *1195 ingly, the appeal is DISMISSED for lack of jurisdiction.
BENTON, PADOVANO, and CLARK, JJ., concur.