PER CURIAM.
In this workers’ compensation case, Claimant filed a notice of appeal on February 7, 2013, challenging a February 6, 2012, “final evidentiary order,” dismissing with prejudice his claims for permanent total disability benefits. We conclude that the February 6, 2012, order was a final appealable order under Florida Rule of Appellate Procedure 9.180(b)(1), which order was not appealed within thirty days of rendition. We therefore dismiss this appeal as untimely.
Background
On February 7, 2013, Claimant filed a notice of appeal challenging a February 6, 2012, “final evidentiary order,” dismissing with prejudice his claims for permanent total disability benefits contained within two November 2011 petitions for benefits. Notably, however, this order did not dismiss all of the claims contained in the pending petitions for benefits; instead, it directed that the surviving claims (for temporary disability benefits) “proceed to mediation,” a necessary statutory condition-precedent to the conduction of a final hearing and the adjudication of the claims on the merits. Claimant, being cognizant of the fact that the appealed order was rendered more than one year before the notice of appeal was filed, posited in his notice of appeal that the February 2012 order did not become final until the entry of a subsequent order, entered on January 8, 2013, which order approved the parties’ *172 stipulations regarding the resolution of the claims for temporary benefits-those claims which had not been mediated at the time the appealed order was rendered.
Upon receiving Claimant’s notice of appeal, this Court screened the appealed order to determine whether it has jurisdiction over this case — as is does in each appeal filed with this court — based on the timeliness of the appeal and the finality of the order appealed. Because the claims for permanent total disability benefits were disposed of with finality in the February 7, 2012, order, and further, because the surviving claims for temporary disability benefits were reserved upon and had not been the subject of a mediation conference, this Court entered an order requiring Claimant to show cause why the February 6, 2012, order should not be considered a final order under this Court’s decision in Parodi v. Fla. Contracting Co., Inc., 16 So.3d 958, 960-61 (Fla. 1st DCA 2009) (reviewing order as final where it ruled with finality on some claims, but reserved adjudication on unmediated petitions) — making the appeal filed in February 2013 untimely. In his response to the order to show cause, Claimant argues that this court has consistently held that an order that reserves jurisdiction on outstanding claims is nonfinal and nonap-pealable. As we explain below, Claimant’s argument, although partially correct, is also incomplete and ultimately unavailing.
Analysis
Section 440.25(5)(a), Florida Statutes (2011), provides that “Procedures with respect to appeals from orders of judges of compensation claims shall be governed by rules adopted by the Supreme Court.” Florida Rule of Appellate Procedure 9.180 — the appellate rule adopted by the Florida Supreme Court relative to appeals from workers’ compensation orders — provides that this Court shall review “any final order,” as well as any nonfinal order that adjudicates jurisdiction, venue, or compensability (provided certain certifications regarding the case are made by the lower tribunal). See Fla. RApp. P. 9.180(b)(1). This Court has held that in the context of a workers’ compensation case, an order that decides all issues then ripe for adjudication is considered to be a “final order” — even if the order does not represent an end to all judicial labor in the case, and even where additional claims not then ripe for adjudication remain pending. See Bradley v. Hurricane Rest., 652 So.2d 443, 444 (Fla. 1st DCA 1995) (“By definition, a worker’s compensation order that decides all issues ripe for adjudication is a final order and appealable.”) (citing Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982)). The rationale for this modified definition of “final” and “non-final” orders for workers’ compensation cases is based on the fact that workers’ compensation cases generally proceed on a piecemeal basis — with various entitlements to benefits becoming due at different times. See Watts, 426 So.2d at 1312. This adjudicatory process creates the possibility of numerous orders entered in sequence, each adjudicating with finality the injured workers’ entitlement to benefits — none of which, necessarily, signify the exhaustion of all judicial labors in the case as a whole (the general standard for determining the finality of an order in other types of cases, see Howard v. Ziegler, 40 So.2d 776, 777 (Fla.1949)). See Bradley, 652 So.2d at 444.
This court, accounting for the sequential nature of the workers’ compensation adjudicatory process, has consistently held that a final workers’ compensation order is one that finally disposes of all claims that are procedurally ripe to be adjudicated. See Vazquez v. Truly Nolan of Am., 752 So.2d 68 (Fla. 1st DCA 2000) (holding order nonfinal where parties agreed to reserva *173 tion on issue ripe for adjudication and tried by parties); Emro Mktg. v. Schwier, 670 So.2d 1141, 1142 (Fla. 1st DCA 1996) (“[O]rders which adjudicate all matters ripe for hearing may always be immediately appealed.”); see also Bradley, 652 So.2d at 444. Further, this court has concluded that where some petitions are procedurally ripe for adjudication, and others are not for want of mediation (a mandatory condition precedent to the presentation of a claim at a merits hearing, see section 440.25(2), Florida Statutes (2010) (stating “mediation conference is required to be held unless this requirement is waived by the Deputy Chief Judge”)), an order that contains both a final disposition of the claims that are ripe for adjudication and a reservation on unmediated claims results in the entry of a final, appealable order. See Parodi v. Fla. Contracting Co., Inc., 16 So.3d 958, 960-61 (Fla. 1st DCA 2009) (reviewing order as final where it contained reservation on unmediated petitions). Here, the JCC, by finally ruling on the claims for permanent total disability benefits in the February 2012 order, and by not ruling on unmediated claims for temporary disability benefits and directing that such claims proceed to mediation (an unmet condition precedent to the conduction of a merit hearing on the claims), entered an order that finally adjudicated all claims ripe for adjudication, reserving upon those claims not ripe for adjudication.[1] Thus, under this court’s precedent, we conclude that the February 6, 2012, order is a final order as the term is used in Florida Rule of Appellate Procedure 9.180(b)(1). Accordingly, Claimant’s notice of appeal, filed more than thirty days after the rendition of this order, is untimely. See Fla. R.App. P. 9.180(b)(3). We therefore dismiss this appeal.
DISMISSED.
WOLF, WETHERELL, and MAKAR, JJ., Concur.

. We note that it would be helpful for litigants and this Court if judges of compensation claims were to include, within orders reserving adjudication on pending petitions and claims, a declaration as to whether the reserved upon claims have been subjected to a mediation conference. With this information established, there should be little confusion as to whether a given order is final and appeal-able.