PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals that portion of a final merits hearing order wherein the Judge of Compensation Claims (JCC) rejected its partial affirmative defense under section 440.09(5), Florida Statutes (2009). The E/C also argues that the JCC erred by reserving jurisdiction on “claims” for workers’ compensation benefits that were not listed on any petition for benefits (PFB) filed by the injured employee (Claimant). We affirm the rejection of the partial affirmative defense without comment, but modify the order on appeal by striking the reservation of jurisdiction over any claims that were not the subject of a pending PFB at the time of the final hearing.
This court has previously held that a JCC may properly reserve jurisdiction over PFBs that have been filed, but not mediated, because mediation is mandatory under section 440.25(2), Florida Statutes; such unmediated claims are not procedurally ripe for adjudication. Parodi v. Fl. Contracting Co., Inc., 16 So.3d 958, 961 (Fla. 1st DCA 2009) (holding JCC properly reserved jurisdiction on unmediated PFBs); see also Ake v. U.S. Sugar Corp., 112 So.3d 171, 173 (Fla. 1st DCA 2013) (holding that order containing both final disposition of claims ripe for adjudication as well as reservation of jurisdiction on unmediated PFBs results in final, appeal-able order). In contrast, the JCC here granted Claimant’s request for reservation of jurisdiction over certain benefit issues that were not only never mediated, but also never the subject of any filed PFB. In fact, the parties agree that the reserved issues concern benefits that have never been denied by the E/C. Because the jurisdiction of the office of the judges of compensation claims over these benefit issues was never invoked through the filing of a PFB, we find the reservation of jurisdiction over what are admittedly “future claims” improper and contrary to the self-executing system of workers’ compensation benefits. Accordingly, the order is AFFIRMED as modified.
LEWIS, C.J., WOLF and ROBERTS, JJ., concur.