PER CURIAM.
This cause is before the Court on appeal from the Order of the trial court dismissing the complaint of Plaintiff as barred by the Statute of Limitations.
Plaintiff/Appellant, a Georgia resident, filed a medical malpractice action against Defendant/Appellee, a Florida doctor in a federal district court in Georgia, shortly before the running of the Florida limitations period for that claim.[1] Subsequently, the case was transferred to the Federal District Court for the Northern District of Florida. Appellee was served with the complaint, which he did not timely answer. At this point a dispute arose between counsel for Plaintiff and counsel representing Defendant and his insurer as to the necessity of medical mediation proceedings under Florida Statute § 768.44, prior to suit in the federal court, and whether failure to seek medical mediation could divest a federal court of diversity jurisdiction in a Florida malpractice suit.[2] Opposing counsel entered into a written stipulation which recited the above facts and stipulated:.
“Plaintiff and Defendant agree to a remand of the above-captioned case by the Federal District Court for a. hearing before the Florida Medical Liability Mediation Panel ...
In the event the Federal court declines ,to remand this case but dismisses same, Defendant agrees to waive the statute, of limitations defense so long as Plaintiff refiles his claim with the Florida Medical Liability Mediation Panel within twenty-one (21) days from the entry of the Court’s written order .
Plaintiff agrees to waive his right to pursue a default judgment against Defendant in the Federal District Court, Northern Division . . .”
The federal judge dismissed the case in accordance with the terms of the stipulation and Appellant refiled the case in state court. Appellee then obtained personal counsel and moved to dismiss the state action on the basis of the running of the statute of limitations. The trial court in the order herein sought to be reviewed granted the motion, stating that the stipulation, could not bar the limitations defense because this would “deprive defendant of property rights without due process . .”
The trial court erred in failing to give effect to the agreement and stipulation of the parties. The statute of limitations is an affirmative defense which can be waived. Written stipulations between. counsel supported by valuable consideration are valid and binding on the parties. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971); Rule 1.030(d), F.R.C.P.; 2 Florida Jurisprudence Agreed Cases & Stipulations §§ 7 and 8; See, Annot: 43 A.L.R.3d 756. *974 In this case, Appellee obtained the transfer of the suit to the forum he preferred, the undisputed right to mediation, and Appellant’s waiver of any right to seek a default in the federal suit. In return Appel-lee waived the right to assert the statute of limitations as a defense. Appellee has obtained the benefits of Appellant’s performance and is clearly bound by his agreement.
Accordingly, the judgment below is REVERSED and the case REMANDED for further proceedings consistent herewith.
IT IS SO ORDERED.
SMITH, Acting C. J., and- ERVIN and BOOTH, JJ., concur.

. Florida Statutes, § 95.11 (2)(b).

. A federal court in Florida has since answered the question affirmatively in Wood v. Hernandez (N.D.Fla.), Case # 76-81, Opinion filed August 31, 1977.