413 So.2d 813 (1982)
The WASH HOUSE and South Carolina Insurance Company, Appellants/Cross-Appellees,
v.
Linda F. TUCKER, Appellee/Cross-Appellant.
No. AF-18.
District Court of Appeal of Florida, First District.
May 5, 1982.
*814 Bruce R. Kaster of McClellan, Kaster & Vostrejs, P.A., Ocala, for appellants/cross-appellees.
Terence J. Kann of Barton, Cox & Davis, Gainesville, for appellee/cross-appellant.
PER CURIAM.
Appellants seek review of an order finding the claimant/appellee, Linda F. Tucker, to have sustained a 5% permanent impairment as a result of her industrial accident, which occurred on April 17, 1980. Appellants claim that there is no evidence to suggest that her impairment rating is based upon the American Medical Association's Guides to the Evaluation of Permanent Impairment, as required by Section 440.15(3), Florida Statutes (1979). However, we decline to reach this issue.
Although the deputy commissioner did make a finding that the claimant had sustained a 5% permanent partial disability to the body as a whole, his order does not reflect an award of workers' compensation benefits. Therefore, the order is not a final order. The applicable procedural rules, Rules 9.030(b)(1)(B) and 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, do not authorize direct review by this court of non-final orders of a deputy commissioner. See United States Fidelity and Guaranty Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA, 1982). Consequently, we dismiss the employer/carrier's appeal for lack of jurisdiction, because it attempts to appeal a nonappealable interlocutory order.
Appellee's timely cross-appeal as to the propriety of an award of temporary disability benefits after June 1, 1980, is cognizable by this court as a final order denying the claim for these benefits. Because there is substantial competent evidence to support the deputy commissioner's determinations in this matter, we decline to reweigh the evidence. Croft v. Pinkerton-Hayes Lumber Co., 386 So.2d 535, 537 (Fla. 1980).
Accordingly, appellee's cross-appeal is AFFIRMED, and appellants' direct appeal is DISMISSED for lack of jurisdiction. Our dismissal is without prejudice to review of the order in the event of appeal from a final order awarding permanent impairment or wage loss benefits pursuant to Section 440.15(3), Florida Statutes (1979).
ERVIN, SHIVERS and WENTWORTH, JJ., concur.