417 So.2d 700 (1982)
MILLS ELECTRICAL CONTRACTORS and Old Republic Insurance Company, Appellants,
v.
Richard A. MARTHENS and Division of Workers' Compensation of the Department of Labor and Employment Security, Appellees.
No. AG-427.
District Court of Appeal of Florida, First District.
June 28, 1982.
Rehearing Denied August 20, 1982.
Charles Desmond Crowley, Fort Lauderdale, for appellants.
Richard A. Sicking of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & De Castro, and Joseph C. Segor, Miami, for appellees.
PER CURIAM.
The employer/carrier seeks to appeal an order of the deputy commissioner which decides only the issue of compensability in claimant's favor without an award of benefits and reserves jurisdiction for all other future issues that may arise. The record indicates that the issue of compensability, to which the parties by stipulation limited the scope of hearing, is not the only outstanding point in controversy. We conclude that we are without jurisdiction to review the order appealed.
Rule 9.030(b)(1)(B), Florida Rules of Appellate Procedure, currently provides that the District Courts of Appeal shall review by appeal non-final orders of circuit courts as prescribed by Rule 9.130(a)(3). Formerly, the rule permitted review by appeal of specified non-final orders of lower tribunals. The term "lower tribunals" was interpreted to include hearings conducted before a deputy commissioner. Fidelity & Casualty Company v. Scott, 386 So.2d 315 (Fla. 1st DCA 1980). Since the aforementioned amendment to Rule 9.030(b)(1)(B), Florida Rules of Appellate Procedure, limits the applicability of Rule 9.130 to orders of circuit courts, this court is without jurisdiction to review by appeal non-final workers' *701 compensation orders.[1]The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA, 1982); General Electric Company v. Hawkins, 413 So.2d 836 (Fla. 1st DCA, 1982).
Accordingly, the appeal is dismissed sua sponte without prejudice to review of the order in the event of an appeal from a final order awarding benefits.
BOOTH, WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Review of non-final workers' compensation orders may now be sought by invoking this court's certiorari jurisdiction. Rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure; see United States Fidelity & Guaranty Company v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982).