PER CURIAM.
Employer/carrier seek to appeal an order of the deputy commissioner which decided in favor of claimant the sole stipulated issue of compensability of the claim. The scope of the hearing was so limited and the order was intentionally silent as to the injuries sustained or benefits due.
Decker’s claim and the pretrial stipulation sought all benefits afforded by law including medical, mileage, temporary total disability, costs, interest, penalties and attorney’s fees. The record indicates no resolution of these issues. The record contains no agreement of the parties that would preclude further hearing and possible appellate review. Consequently, the issue of compensability, to which the parties by stipulation limited the scope of the hearing, is apparently not to be the only outstanding point in controversy. In short, we are asked to review an interlocutory order.
This Court is without jurisdiction to review by appeal non-final workers’ compensation orders. The Wash House v. Tucker, *861 413 So.2d 813 (Fla. 1st DCA 1982); General Electric Co. v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982).
Accordingly, the appeal is dismissed sua sponte without prejudice to the appellants to seek review of the compensability issue in the event of an appeal from a final order awarding benefits.
BOOTH, WENTWORTH and WIGGIN-TON, JJ., concur.