WENTWORTH, Judge.
Employer/earrier appeal a workers’ compensation order which determined that claimant sustained a compensable injury.[1] The order further reserves jurisdiction “to consider all other issues pertaining to payment of benefits to the claimant as a result of his compensable accident.” The record on appeal establishes that various pending issues, including entitlement to temporary total disability benefits and computation of average weekly wage and compensation rate, have been reserved for the deputy’s ultimate adjudication and are as yet unresolved. In these circumstances the order appealed is a non-final interim order. See Town of Palm Beach v. Watts, Case No. AG—291 (Fla. 1st DCA, June 18, 1982). This court’s jurisdiction does not include appeals from nonfinal orders of a deputy commissioner. See The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982). No circumstances appear to be present in this case to. warrant our exercise of certiorari jurisdiction.
Since this court is without jurisdiction to review the contested order, the appeal is accordingly dismissed. Such dismissal is without prejudice to the parties’ ability to obtain review of the issue in question by timely appeal from a final order.
BOOTH and WIGGINTON, JJ., concur.

. While the order appealed makes no express award of any specific benefit, at the commencement of the hearing counsel for employer/carrier indicated that medical benefits would not require adjudication and would be handled administratively “in the event of com-pensability.” In these circumstances the deputy’s finding of compensability has the ultimate effect of awarding such benefits, and we therefore do not consider that the absence of an express award of benefits would make the order interlocutory if it could otherwise be regarded as disposing of all matured issues in controversy between the parties on the claim.