ERVIN, Judge,
concurring in part and dissenting in part.
I concur in all portions of the majority’s opinion except that part reversing the deputy’s order directing the employer/carrier (e/c) to pay the medical services performed by Doctors Simon and Sherman. At the outset it should be observed that the order did not specify the amount of the medical services that were required to be paid by the e/c. Although I have doubts as to whether that portion of the order is a final, appealable order, cf. Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982); The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982); General Electric Co. v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982), because of the lack of consistency in this court’s opinions distinguishing between orders which are final and non-final, see Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982), I am content to consider the order final.
My more serious concern with the majority’s reversal is that the point urged on appeal — the physician’s non-authorization— in my judgment has not been preserved for appellate review; hence the majority’s opinion appears to conflict with our prior opinion in Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982), which declined to honor issues that were first raised on appeal. I have been unable to find in the record any objection raised by the e/c before the deputy encompassing the point it now asserts before us— the doctors’ nonauthorization to provide medical treatment. Perhaps the primary reason for the failure to object was the fact that the medical bills were never admitted into evidence. Their nonadmission was entirely consistent with the parties’ apparent tacit agreement that the determination of the medical bills’ validity would be contingent upon the deputy’s prior determination that the injury was one that occurred within the scope and course of the employment; or, if so, a further hearing would be conducted to ascertain the amount of the bills. Thus, at the commencement of the hearing, the deputy stated: “In the event this claim is held compensable it may be necessary to conduct a further hearing on medical bills, past medical bills. It depends upon whether they come in in evidence today.” As *1162 reflected in the deputy’s final order, and in the e/c’s notice to controvert, there was in effect only one issue in controversy— whether the injury arose within the scope and course of employment. The notice to controvert listed the following defenses:
1. No accident occurred as claimed by the Claimant.
2. No injury occurred as claimed by the Claimant.
3. No disability exists or existed as claimed by the Claimant.
4. No medical care, treatment or attention was required or given to the Claimant; or will be required or will be given to the Claimant in the future because of the occurrence of any accident, injury or disability as claimed by the claimant.
5. No wage loss occurred as claimed by the Claimant.
My belief that the defenses were limited only to the above issue is further bolstered by the portion of the record in which the deputy stated in the presence of the attorneys for both parties during the pretrial stipulation conference that the e/c had adopted the position stated in its notice to controvert. Moreover, at the conclusion of the conference the deputy asked both attorneys whether there was anything either wished to add, to which both responded negatively.
I had thought that such improvidently raised questions as those now before us had been finally laid to rest in Sunland, where we forcefully declared:
We decline to become the tribunal of first resort on complex questions latent in the record but not substantially raised before the deputy. To the extent our own record of decisions these past three years may have given the appearance of a present and continuing readiness to decide questions not substantially raised before the deputy, thus misleading counsel, we now forswear that implication.
415 So.2d at 785. It now appears from the majority’s opinion that Sunland’s forswearance of such practice was in fact premature.
For the reasons stated, I respectfully dissent to that portion of the majority’s opinion reversing the deputy’s order directing the e/c to pay the medical treatment furnished to the claimant by Doctors Simon and Sherman.