WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order which we affirm except insofar as the order awards benefits for disability occasioned by surgery not attributable to the industrial injury.
Claimant sustained an industrial injury which was diagnosed as an acute lumbar strain. A subsequent physical examination also revealed an unrelated ovarian cyst, which was later found to be so enlarged as to require surgery. Pathological examination of the cyst after surgery showed that it had not ruptured, and substantiated an enlargement due to hormonal imbalance independent of the industrial injury. This medical testimony is uncontradieted and establishes that the hormonal imbalance and enlarged cyst were unrelated to claimant’s industrial accident and injury. Neither the order nor record evidence relates claimant’s temporary gynecological symptoms at the time of her accident to her later condition, by aggravation or otherwise.
Claimant’s industrial injury precluded her return to her former employment, but she was able to obtain part-time employment subsequent to her industrial accident. She necessarily ceased such employment during her hospitalization for and recovery from the surgical removal of her cyst, and the evidence establishes that her inability to continue that employment was due exclusively to the non-industrial cause. Claimant is therefore not entitled to workers’ compensation benefits for that disability from the time of her hospitalization on January 5, 1981, to her ultimate surgical recovery on February 8, 1981, since her compensable injury did not contribute to such disability.
We find an adequate record basis for the deputy’s resolution of other evidentiary issues raised by appellants as to temporary benefits during a period of vocational rehabilitation, and as to the necessity for finding permanent impairment in accordance with the AMA Guides as a predicate for permanent wage loss benefits. On the latter point we note the absence of any such specifically articulated defense before the deputy. See The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982).
The order appealed is accordingly amended so as to delete the award of temporary disability benefits between January 5, 1981, and February 8, 1981. As amended, the order appealed is affirmed.
BOOTH and WIGGINTON, JJ., concur.