PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner finding that claimant sustained an industrial accident arising out of and in the course and scope of his employment with The Doll House, Inc. and that there was no agreement between The Doll House, Inc. and T.C.B., Inc., d/b/a Sugars, to share claimant as a “loaned employee,” so that claimant was not an employee of T.C.B., Inc. at the time of the incident. In his order, the deputy retained jurisdiction to hold further hearings as necessary to determine what benefits were due claimant as a result of the accident; the parties stipulated that the hearing which resulted in the order appealed from would be limited to the sole issue of compensability of the claim, so as to determine whether claimant sustained injury in the course and scope of employment with either The Doll House, Inc. or T.C.B., Inc.
An order determining compensability only and reserving jurisdiction to determine benefits has generally been found to be a non-reviewable, non-final order. See, Town of Palm Beach v. Watts, 426 So.2d 1312 (Fla. 1st DCA 1982); The Crown Hotel v. Friedman, 420 So.2d 418 (Fla. 1st DCA 1982); Ray Roofing Co., Inc. v. Young, 419 So.2d 672 (Fla. 1st DCA 1982); Special Disability Trust Fund v. Motor and Compressor Company, 417 So.2d 1151 (Fla. 1st DCA 1982); Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982); General Electric Company v. Hawkins, 413 So.2d 836 (Fla. 1st DCA 1982); and The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982). However, because the order sought to be reviewed results in removal of one party, T.C.B., Inc., from further proceedings, we elect to treat the appeal as a petition for a writ of certiorari and to review the merits of the order below.
Competent substantial evidence in the record supports the deputy’s findings of fact and his conclusion that claimant was within the course and scope of his employment with The Doll House, Inc. at the time he was injured. The deputy has not been shown to have departed from the essential requirements of law, the petition for writ of certiorari is denied, and the cause is remanded for further proceedings.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.