JOANOS, Judge.
Appellants; J.L. Manta, Inc. the employer, and Commercial Union Insurance Company, one of two carriers involved, appeal a non-final workers’ compensation order.
Appellants raise the following two issues for our review: (1) whether the deputy commissioner erred as a matter of law and of fact in finding that the claimant had *920 entered into an employment contract with the employer in the State of Florida, therefore meeting the requirements of section 440.09, Florida Statutes, and entitling the claimant to compensation under the Florida Workers’ Compensation Law; and (2) whether the order of the deputy commissioner is supported by competent substantial evidence in determining that carrier No. 1 has coverage for employer in the State of Florida, rather than carrier No. 2, who held a workers’ compensation employer’s liability insurance policy which specifically covered the Intermountain Power Project in Delta, Utah.
Claimant Charles Ramos worked for appellant Manta in construction projects at different sites in the United States and overseas since 1977. In 1981 or 1982, claimant moved from California to Florida and worked for the employer at construction sites at the naval station and air base in Jacksonville, Florida. He also worked at a sewage plant in Orlando, Florida, and purchased a home in Tarpon Springs, Florida.
While finishing his duties in Florida he was requested by Mr. Frank Manta to go to Delta, Utah, and provide supervision for a construction job that J.L. Manta, Inc., was performing at a power plant in that location. Claimant was provided travel expenses from Florida to Utah by the employer and he took his wife with him to the construction site. Claimant’s living expenses, except for food, were paid in addition to his hourly wage.
At the construction site in Utah claimant suffered an injury that entitled him to file a claim pursuant to the Florida Workers’ Compensation Act, if it was determined that jurisdiction for this accident was conferred by the laws of the State of Florida. Carrier No. 1 (Commercial Union Insurance Company) provided general workers’ compensation insurance coverage for the employer in the State of Florida. Carrier No. 2 (Wausau Insurance Company) provided workers' compensation insurance coverage specifically for the employer on the Inter-mountain Power Project in Delta, Utah. Claimant had slipped on some hydraulic fluid and landed on his back on concrete. He suffers from damaged vertebrae and wears a neck brace. His back as well as his neck cause him continual discomfort.
Claimant filed a claim for benefits in Florida, requesting temporary total disability and/or temporary partial disability from April 10, 1986, to date and continuing payment of past and future medical bills, wage loss, rehabilitation, penalties, interest, attorney’s fees and costs. He also later filed an amended claim for benefits including examination and treatment by a psychiatrist, attorney’s fees and costs. The parties agreed that the sole issues for determination were whether this was a Florida workers’ compensation case, and if so, whether carrier No. 1 or carrier No. 2 had coverage.
In his order, and amended order of May 12, 1987, the deputy commissioner found that this accident fell within the jurisdiction of the Florida Workers’ Compensation Act, not under the laws of the State of Utah, and that carrier No. 1, Commercial Union, was to provide workers’ compensation insurance coverage to employer for the claimant’s injury in Utah. The deputy commissioner based his results upon a determination that the contract for employment between the employer and the claimant was made in the State of Florida and therefore met the requirement set forth in section 440.09(1) Florida Statutes.[1]
Upon request from appellants, we elect to treat the appeal of the non-final order as a petition for a writ of certiorari. See The Doll House, Inc., v. Porter, TCB, *921 436 So.2d 425 (Fla. 1st DCA 1983). We affirm as to point one on the basis that there is competent substantial evidence that the contract at issue was made in Florida. The record reveals ample evidence supporting the deputy’s finding that the employment contract which caused claimant to move from Florida to Utah was completed in Florida and so was covered by the Commercial Union Insurance Company.
Carrier No. 1, Commercial Union, did stipulate that it covered Manta for workers’ compensation claims of liability resulting from Florida employment contracts. Here the claim was made in Florida where claimant permanently resides. The deputy’s determination that carrier No. 1, Commercial Union, was liable to claimant for compensation is proper as based on his initial determination that claimant was injured pursuant to a contract consummated in Florida.
Further, in the Wausau policy, it expressly states under “Other States Insurance” that the coverage applies to another state if the claimant begins work in another state and is not insured for such work. Wausau Insurance Company argues correctly that claimant did not start work in Florida and did have insurance coverage in Florida through Commercial Union when he assumed his position in Utah. We have determined that the deputy was correct in holding that the Commercial Union Insurance Policy was controlling because the Wausau Insurance Policy, which specifically covered the Intermountain Power Project in Delta, Utah, could not be extended to cover Ramos’s claim in Florida given these circumstances. Therefore, the deputy’s order is affirmed and this cause is remanded for a determination of benefits due claimant.
SHIVERS and THOMPSON, JJ., concur.

. Section 440.09(1), Florida Statutes (1985) provides in pertinent part:
440.09 Coverage.—
(1) Compensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment.... Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this state.... (emphasis supplied.)