PER CURIAM.
The appellants have filed an appeal of a workers’ compensation order which resolves an employment issue so as to remove another employer/carrier from the case. The order awards various benefits but reserves jurisdiction as to a claim for attendant care, describing the issue as “unripe” because of a need for additional testimony.
This is an improper appeal of an interlocutory order which reserves jurisdiction as to the claim for attendant care. See Industrial Steel v. Robinson, 444 So.2d 1117 (Fla. 1st DCA 1984). The claim was not “unripe” merely because the judge desired further evidence, and this case does not involve the due process concerns identified in Winkel v. Grand Union Stores, 436 So.2d 351 (Fla. 1st DCA 1983). This court lacks jurisdiction to entertain the appeal of an interlocutory workers’ compensation order. See United States Fidelity and Guaranty Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982).
The appellants have not demonstrated a basis for review by certiorari. This case is unlike Doll House, Inc. v. Porter, 436 So.2d 425 (Fla. 1st DCA 1983), where one party was removed from the case and jurisdiction was reserved for additional hearings “as necessary.” The decision in Porter does not reflect any further pending dispute between the remaining parties, unlike the present case in which the attendant care issue was submitted to the judge and is still unresolved. The appellants have not shown that the remedy available upon review after a final order would be inadequate, and we therefore decline to undertake interlocutory review by certiora-ri.
The appellants having failed to demonstrate a proper basis for interlocutory review, this case is hereby dismissed.
ZEHMER, BARFIELD and ALLEN, JJ., concur.