PER CURIAM.
The employer/carrier appeal an order of the Judge of Compensation Claims which finds that the claimant was in the course and scope of employment at the time of an altercation which caused his injuries, that the co-worker was the aggressor in the altercation, and that the claimant was entitled to benefits.
In paragraph 7 of the order, the judge stated that the “parties have stipulated as to necessary medical benefits from the date of the injury through the present.” In paragraph 11 of the order, the judge stated that “[¡jurisdiction is further reserved if the parties are unable to agree on future medical benefits.” The decretal portion of the order contains the following:
3. Within thirty (30) days of the date of this Order, the parties shall report to the undersigned on agreement of future medical benefits including rehabilitation benefits and rehabilitation coordinator, transportation, attendant care, past and future medical benefits, attendant care, *1179 rehabilitation and remedial treatment, and costs of transportation.
Past medical benefits were ripe for adjudication at the time of the hearing. The portion of the order directing the parties to report to the judge within thirty days on agreement of past medical benefits indicates the judge continues to exercise jurisdiction in this matter. Accordingly, the order is not a final order and is therefore not appealable. Coca-Cola Company— Foods Division v. Davis, 546 So.2d 93 (Fla. 1st DCA 1989). This appeal is dismissed for lack of jurisdiction.
BOOTH, BARFIELD and MINER, JJ., concur.