PER CURIAM.
This cause is before us on a petition for writ of certiorari to review an order of the judge of compensation claims (JCC) awarding out-of-state medical care. In order to obtain relief by writ of certiorari, a petitioner must demonstrate both a departure from the essential requirements of law and an injury which cannot be remedied by appeal from the final order. ACandS, Inc. v. Askew, 597 So.2d 895 (Fla. 1st DCA 1992).
In the instant case, the JCC held:
That Claimant’s Motion to Compel Agreed Upon Medical Treatment is GRANTED, as the Carrier [orally] agreed to provide the treatment and should, therefore, be held to their agreement.
Florida Workers’ Compensation Rule of Procedure 4.130 states in pertinent part:
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record.
The JCC relied on an oral agreement which was never reduced to writing and never dictated on the record. Under a plain reading of Florida Workers’ Compensation Rule of Procedure 4.130, the agreement is not valid. Therefore, the JCC departed from the essential requirements of law in relying on the parties’ oral representations.
Furthermore, the injury cannot be remedied by appeal from a final order. The order requires the employer/servicing agent to furnish out-of-state medical care. This care will only be provided if the employer/ servicing agent pay the doctor’s fee in advance. Once the fee is paid, there is no statutory provision for reimbursement.
Accordingly, the petition for writ of cer-tiorari is granted, and the order compelling out-of-state medical care is quashed.
BOOTH, BARFIELD and ALLEN, JJ., concur.