600 So.2d 1261 (1992)
LOCKHEED SPACE OPERATIONS and Aetna Life & Casualty Co., Appellants,
v.
Ninh PHAM, Appellee.
No. 91-2368.
District Court of Appeal of Florida, First District.
June 19, 1992.
Daniel De Ciccio and John T. Willett of De Ciccio & Broussard, Orlando, for appellants.
A. Michael Bross, Cocoa, for appellee.
KAHN, Judge.
Lockheed Space Operations and Aetna Life & Casualty Company (E/C) seek review of an order entered by the judge of compensation claims (JCC) transferring venue from Orange County to Brevard County. The E/C characterizes this appeal as one from "a nonfinal order." Appellee has not challenged this characterization. As a general rule, however, this court has had no jurisdiction to review by *1262 appeal nonfinal workers' compensation orders. Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982). Rather, proper review of a venue order in a workers' compensation case has been by petition for writ of certiorari, and we will treat the E/C's appeal as such a petition. Hoboken Drywall Co. v. Telfair, 417 So.2d 1169 (Fla. 1st DCA 1982); Riley-Stoker v. Pearson, 508 So.2d 1297 (Fla. 1st DCA 1987).[1] We find that the petition for certiorari should be granted, and accordingly we vacate the order of the JCC. This case has a distinct procedural history, and some comment is necessary.
Ninh Pham (claimant) suffered injuries in two industrial accidents while employed by Lockheed. The first accident occurred on July 27, 1987 at Kennedy Space Center in Brevard County, and the second accident occurred on April 20, 1988 at Banguerio Air Force Base in Morocco. Claimant filed two separate claims for benefits in District "L," Brevard County. In May 1989 claimant and the E/C filed a joint stipulation for change of venue in the claim on the 1987 accident from District "L" to District "H," Orange County. In June 1989 the parties filed a joint stipulation for change of venue in the claim on the 1988 accident from District "L" to District "H." The JCC approved both stipulations and ordered that venue be changed in each case to Orange County. On August 24, 1990, the E/C moved to dismiss the 1987 claim for lack of prosecution. On December 14, 1990, the District "H" JCC dismissed the claim for the 1987 accident with leave to amend. Two weeks thereafter, claimant filed a claim for benefits listing both the 1987 and the 1988 accidents. He then filed an amended claim a few weeks later which listed only the 1987 accident. On January 31, 1991, the E/C filed a motion to consolidate the two claims, and noticed the matter for hearing before the JCC in District "H" for May 7, 1991. The motion for consolidation and the notice of hearing list both accident dates. At the hearing, a transcript of which has not been provided, the JCC in District "H" entered an order finding "this court does not have jurisdiction in this matter" and for that reason declining to rule on the motion for consolidation. The order then provided, "the file is to be returned to District "L" for any and all further proceedings." Although the order does not contain any analysis of the venue question, the JCC has cited cases from this court which concern the issue of appropriate venue in a workers' compensation case.[2] We note that the only pleadings of record directly concerning venue are the two joint stipulations for change of venue from District "L" to District "H" together with judicial approval of each such stipulation. Claimant did not file a motion to transfer venue from District "H" back to District "L," nor did he file a motion to modify or vacate the joint stipulations for change of venue.
The E/C argue that under section 440.25(3)(b), Florida Statutes (1987),[3] the cause should proceed in District "H," Orange County.[4] Since the stipulations as to venue *1263 have not been altered, the E/C concludes that District "H" remains the proper forum for these claims.
Claimant responds that the JCC properly transferred the claims to District "L," because jurisdiction in District "H" ceased when the E/C's motion to dismiss for lack of prosecution was granted. In the claimant's view, the refiling of the claim for benefits resulted in an entirely fresh start of the process with the proper venue being only in District "L." In support of this theory, claimant points to Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), in which the supreme court held that the court could not relieve a plaintiff of its voluntary dismissal because the dismissal divested the court of jurisdiction.
We do not find claimant's argument persuasive. Randle-Eastern is not controlling. The present case does not present a jurisdictional issue, and accordingly an analogy to Randle-Eastern is misplaced. In Randle-Eastern, the voluntary dismissal occurred beyond the limitations period, and accordingly, constituted what the supreme court referred to as a "tactical error," of which neither the trial court nor the appellate court could relieve plaintiff. In the present case it is abundantly clear that the Division of Workers' Compensation of the Florida Department of Labor & Employment Security has jurisdiction over the claims; the only question is where the claims will be heard. The dismissal for lack of prosecution, entered by the JCC with leave to amend, did not for all time divest the Division of jurisdiction, but simply denied the JCC the right to enter any sort of ruling until the refiling of the claim, which was accomplished by claimant within two weeks.
The nature of workers' compensation is that matters tend to proceed in a piecemeal fashion. The entry of an order which may be dispositive (at least temporarily) of a phase of workers' compensation litigation should not serve to abrogate all that has occurred of record up until entry of the order. Specifically, in this case the claimant has not sought to avoid the venue stipulations in any way other than to assert the force of the order of dismissal for lack of prosecution. Such assertion is insufficient.
The statute, section 440.25, provides that venue may be agreed to by the parties, with the approval of the trial court. The clear implication is that "proper" venue may be waived by such a stipulation. This is in accord with the rule in civil practice allowing a party to waive venue. Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA 1974), cert. denied, 303 So.2d 644 (Fla. 1974). Moreover, the determination of proper venue does not involve the question of jurisdiction. Id. at 315.
Apart from the question of waiver of venue, we see no reason not to view the stipulations entered into between counsel as binding on the parties despite the fact that the claim was dismissed, and subsequently reinitiated. Upon entering the stipulation, both sides gave up their right to insist that the case be heard in District "L." See Pritchett v. Kerr, 354 So.2d 972 (Fla. 1st DCA 1978) (where case was dismissed in federal court and refiled in state court, stipulation entered between counsel in federal case continued to be "valid and binding on the parties" after refiling in state court). While we recognize that a dismissal in the present case was procured by the E/C, the same party now seeking the benefit of the stipulation, we are not inclined to endorse a rule that would even suggest that a party who falls out of love with his earlier litigation strategy, as embodied in a joint stipulation, can avoid the effect of the stipulation through dismissal and refiling. The cases should proceed in District "H," pursuant to the stipulations. § 440.25(3)(b), Fla. Stat. (1987).
*1264 The E/C also argue that the claims from 1987 and 1988 should have been consolidated. Since we are treating the venue matter as a petition for writ of certiorari, the question of consolidation is not properly before us, and in any event, the JCC did not actually rule on the motion.
For the foregoing reasons, a writ of certiorari is issued, and the order under review is quashed.
WIGGINTON, J., concurs.
ERVIN, J., concurs with written opinion.
ERVIN, Judge, concurring.
I agree with the majority in the result reached. I disagree, however, in treating this appeal as a petition for writ of common law certiorari in view of the Florida Supreme Court's recent adoption of the amendments to the Florida Rules of Workers' Compensation. See Amendments to Florida Rules of Workers' Compensation Procedure, 17 F.L.W. S296, 1992 WL 99236 (Fla. May 14, 1992), which became effective immediately upon filing.
Amended Florida Rule of Workers' Compensation Procedure 4.160(b)(2) confers discretionary jurisdiction on this court to review any nonfinal order adjudicating the question of venue. Although the rule in question did not become effective until May 14, 1992, after the date of the accident, the date of the judge's order, and, finally, the date the notice of appeal was filed, I would, consistent with the rule announced by this court in State v. Kelley, 588 So.2d 595 (Fla. 1st DCA 1991) (on rehearing), accord retroactive application to rule 4.160(b)(2) as to an appeal which was hitherto improvidently pending as of the date the amendment went into effect. In Kelley we recognized that a statute conferring a right to appeal upon a litigant relates to a substantive, rather than a procedural right, which would ordinarily operate prospectively. Because, however, a statute or rule establishing the right to appeal from a particular type of order is one that confers a means to enforce a right or redress an injury, such statute or rule should be considered remedial, and, therefore, given retroactive application. Id. at 597-98.
Conversely, in the absence of a saving provision to the contrary, repeal of a statute authorizing appellate jurisdiction takes away the right of the appellate court to determine the cause, whether the repealing act takes effect before or after the argument is raised in the appellate court. 4 Am.Jur.2d Appeal and Error § 8, at 538 (1962). In applying the above rule, this court, in Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663 (Fla. 1st DCA 1983), dismissed an appeal which had been pending as of the effective date of the 1983 amendment to Section 120.52(10), Florida Statutes, limiting the rights of inmates to judicial review in administrative proceedings. In so holding, we recognized that the relevant portions of the amended statute were the kind which affected only remedial or procedural statutory provisions, and as such required that the amendment be applied retroactively to the pending appeal. Additionally we cited with approval the rule in Turner v. United States, 410 F.2d 837, 842 (5th Cir.1969), stating "that changes in statute law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court."
In that the applicable amendment to the Florida Workers' Compensation Rule of Procedure 4.160(b)(2), permitting an appeal from an order affecting venue, relates simply to a procedure or remedy, the change may be applied retroactively, and, consistent with the rule stated in Rothermel, should apply as well to cases pending on appeal as of the date the amendment went into effect. I would therefore review the order in question exactly as appellants' have characterized it: an appeal from a nonfinal order adjudicating the issue of venue. As a consequence, I would reverse the order and remand the case for further proceedings before the judge of compensation claims in District "H."
NOTES
[1] Nonfinal venue orders in workers' compensation cases now fall under this court's "discretionary jurisdiction." Rule 4.160(b)(2), Fla. W.C.R.P., effective May 14, 1992. Amendments to Florida Rules of Workers' Compensation Procedure, 17 F.L.W. S296 (Fla. May 14, 1992). Finding certiorari review to be warranted, we do not reach the issue of retroactivity, treated by Judge Ervin in his concurrence, infra.
[2] Talisman Sugar Corp. v. Jaime, 498 So.2d 516 (Fla. 1st DCA 1986); Riley-Stoker v. Pearson, 508 So.2d 1297 (Fla. 1st DCA 1987).
[3] Currently at § 440.25(3)(d), Fla. Stat. (1991).
[4] The workers' compensation venue statute provides:

The hearing shall be held in the county where the injury occurred, if the injury occurred in this state, unless otherwise agreed to between the parties and authorized by the deputy commissioner in the county where the injury occurred. If the injury occurred without the state and is one for which compensation is payable under this chapter, then the hearing above referred to may be held in the county of the employer's residence or place of business, or in any other county of the state which will at the time of forwarding the file for hearing, in the discretion of the Chief Commissioner, be the most convenient for hearing. Subsequent to the forwarding of the file to such county, the parties and the deputy commissioner may agree to transfer such file to a county that is deemed the most convenient for a hearing.
§ 440.25(3)(b), Fla. Stat. (1987).