616 So.2d 132 (1993)
HINES ELECTRIC and Fla. Insurance Guaranty Association, Petitioners,
v.
John McCLURE, Dick's Drywall, and Claims Center, Respondents.
No. 92-2029.
District Court of Appeal of Florida, First District.
March 25, 1993.
*133 Patrick J. Malone of Vernis and Bowling of Palm Beach, P.A., Jupiter, for petitioners.
Donna L. Schnorr of Goldberg, Goldstein & Buckley, P.A., Fort Myers, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for respondent, John McClure.
Chester H. Budz of D'Agostino & Budz, St. James City, and Diane H. Tutt of Fort Lauderdale, for respondents, Dick's Drywall and Claims Center.
PER CURIAM.
In this workers' compensation case, an employer and carrier petition this court to review by certiorari a nonfinal order of the Judge of Compensation Claims (JCC) regarding venue. We treat the petition as a notice seeking review pursuant to Florida Rule of Workers' Compensation Procedure 4.160(b)(2) and accept jurisdiction.
A 1992 amendment to Rule 4.160 provides that the district court of appeal may review several specified types of nonfinal orders in workers' compensation cases. That rule provides:
(b) Discretionary Jurisdiction. The district court also may review any nonfinal order of a judge that adjudicates the following:
(1) Jurisdiction.
(2) Venue.
(3) Compensability of accidents or occupational diseases.
(4) Insurance coverage.
(5) Discovery matters when it appears the judge's order will cause a party irreparable harm and there is no adequate remedy at law to rectify such harm.
(Emphasis added).[1]Amendments To Florida Rules of Workers' Compensation Procedure, 603 So.2d 425, 438-439 (Fla. 1992) (Amendments).[2] The committee note to Rule 4.160(b) states that "[s]ubdivision (b) is derived from Florida Rule of Appellate Procedure 9.130." Id. at 441. Florida Rule of Appellate Procedure 9.130 provides:
(a) Applicability.
(1) This rule applies to review of the non-final orders authorized herein in the district courts of appeal and the circuit courts. Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by rule 9.100.
(2) Review of non-final orders in criminal cases shall be as prescribed by rule 9.140.
(3) Review of non-final orders of lower tribunals is limited to those that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;

*134 (iii) the right to immediate monetary relief or child custody in domestic relations matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(v) the entitlement of a party to arbitration;
(vi) that a party is not entitled to workers' compensation immunity as a matter of law; or
(vii) that a class should be certified;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed under Florida Rule of Civil Procedure 1.540 are reviewable by the method prescribed by this rule.
(6) Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.
(7) Review authorized by this rule shall be by the court that has jurisdiction to review the final order in the cause.
We are candidly perplexed by the new workers' compensation rule. As noted, it is derived from Florida Rule of Appellate Procedure 9.130. Rule 9.130 deals with appeals, or review as a matter of right, from certain nonfinal orders in civil cases. Inclusion of the language "may review" in Rule 4.160(b) clearly expresses the intent of the drafters that review not be as a matter of right.[3] In addition, neither the text of the amended rule nor the commentary accompanying its adoption provide guidance as to the correct legal standard to be utilized by this court in determining whether to exercise jurisdiction. The rule itself provides for discretionary review of some orders which are presently reviewable by common law certiorari. It also includes as orders which are reviewable some which are not presently reviewable by certiorari, or otherwise, until after a final order has been entered by the judge of compensation claims (JCC). There is no specific indication of whether the adoption of the amended rule was intended to provide for review of a greater number of orders prior to the ultimate disposition by the JCC, or whether the rule was intended to ease this court's overburdened docket by granting greater flexibility to refuse certain types of cases.
As noted, while the rule itself purports to be discretionary, it is patterned after an appellate rule dealing with review as a matter of right. Neither the amended rule nor the one it is patterned after set forth a procedural mechanism to be utilized by either the parties or this court to address the jurisdictional issue.[4] In addition, the amended rule does not address the standard of review which is to be used after jurisdiction is accepted. This rule goes beyond allowing review of certain nonfinal orders in workers' compensation cases. This new rule creates a whole new type of review which did not previously exist under Florida law.
As a result, this court is faced with the unenviable task of determining the procedural and substantive effect of a rule that is unclear, ambiguous and which could *135 have a significant impact on the workload of this court.[5]
We first address the issue of what cases should be reviewed by this court pursuant to the amended rule. It is possible to argue that it was the intent of the amended rule to expand the interlocutory jurisdiction of this court in workers' compensation proceedings and, therefore, the court should liberally exercise its jurisdiction and grant interlocutory review as a matter of right in all of the situations which are listed in the rule. It may also be argued that since the rule states that it provides for "[d]iscretionary [j]urisdiction," the court has absolute discretion to accept or reject any case without providing guidance to litigants as to which cases are appropriately reviewable prior to a final order being issued. Both positions appear to be extreme, and difficult to support given the actual wording of the rule. Neither one is accepted by this court.
In gleaning the rule's intent, it may be useful to explore the law concerning the reviewability of the types of nonfinal orders listed in rule 4.160(b), Florida Workers' Compensation Rules of Procedure, prior to adoption of the amended rule and of the reviewability of nonfinal orders under Rule 9.130, after which Rule 4.160(b) was allegedly patterned.
The prior system of appellate review in workers' compensation was inflexible. The prior method assured that several types of orders which are now listed in amended Rule 4.160 would be reviewable before entry of a final order, while others would never be reviewable before entry of the final order.
Prior to the adoption of amended Rule 4.160, there was no appellate jurisdiction to review nonfinal orders in workers' compensation cases. Lockheed Space Operations v. Pham, 600 So.2d 1261 (Fla. 1st DCA 1992); Mills Elec. Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 6 (Fla. 1983).[6] Any order which did not resolve all issues ripe for adjudication was considered nonfinal and nonappealable. ESI v. Taylor, 588 So.2d 1017 (Fla. 1st DCA 1991); American Boom & Barrier, Inc. v. Stewart, 592 So.2d 1178 (Fla. 1st DCA 1992). Review of nonfinal orders in compensation cases could only be sought by a petition for writ of certiorari. Lockheed Space Operations, supra. In order to be reviewable by certiorari, a party was required to demonstrate that a nonfinal compensation order: (1) constituted a departure from the essential requirements of law; (2) would cause material harm; and (3) could not be adequately remedied by appeal. Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992); see also Vicorp Restaurant, Inc. v. Audi, 510 So.2d 1082 (Fla. 1st DCA 1987, rev. denied, 519 So.2d 988 (Fla. 1987). Under this strict standard of review, we had held that orders granting discovery were reviewable, Adelman Steel, supra; Vicorp Restaurant, Inc. supra, while orders denying discovery were not reviewable, Butler Constr. v. Walker, 524 So.2d 691 (Fla. 1st DCA 1988). Similarly, under that standard, we had held that orders transferring venue of cases were generally reviewable. *136 Lockheed, supra; Hoboken Drywall Co. v. Telfair, 417 So.2d 1169 (Fla. 1st DCA 1982); Riley-Stokes v. Pearson, 508 So.2d 1297 (Fla. 1st DCA 1987). Orders which determine compensability and coverage were not reviewable. ESI v. Taylor, supra; Ralston Purina v. Tancak, 508 So.2d 549 (Fla. 1st DCA 1987); J.L. Manta, Inc. v. Ramos, 526 So.2d 919 (Fla. 1st DCA 1988); Kent Ins. Co. v. Hobbs, 421 So.2d 658 (Fla. 1st DCA 1982).[7] Where certiorari was found to be inappropriate, many times the determination of jurisdiction was based upon a failure to demonstrate an injury which could not be remedied on appeal from the final order. See ESI v. Taylor, supra; Kent Ins. Co. v. Hobbs, supra (expenditure of money in defense of claim does not constitute irreparable harm).[8]
We are not sure of the intent of this rule, but it was apparently intended to remove the inflexibility from the determination of whether to review nonfinal orders.[9] The rule provides that all of the interlocutory orders which are listed may be reviewed.
This discretion creates a difficult procedural problem for this court in the processing of these cases. An "appeal" involves review as a matter of right. As such the briefing schedule is predetermined. Here we must initially make a determination of whether we will accept the case. Due process considerations suggest that we hear from both parties before making a decision to accept jurisdiction. Yet there is no procedural mechanism in the rule for jurisdictional briefs. Compare Rule 9.120(d).
It is thus necessary for us to implement the following procedures to be utilized by litigants and this court when review is sought pursuant to the amended rule. A party seeking review of an order pursuant to Rule 4.160(b) shall file a brief and an appendix. The brief and appendix shall accompany the notice of appeal. Rule 4.160(e). The initial brief shall address whether the court should exercise its jurisdiction pursuant to the amended rule and the merits of the issue being appealed.
Upon receipt of the initial brief, this court will conduct a review of the brief and appendix to determine if appellant has demonstrated a prima facie case for entitlement to interlocutory relief. With regard to subdivisions (1), (2), (3) and (4) of Rule 4.160(b), that determination will be made based on the following standard. If the order sought to be reviewed is an order that would be reviewable as a matter of right under Rule 9.130, we will exercise our discretion and review the order. If the order is one which is not reviewable as a matter of right under Rule 9.130, we will exercise our discretion and review the order only if: 1) the order constitutes a departure from the essential requirements of law; 2) would cause material harm; and, 3) could not be adequately remedied by appeal.[10] Appeals pursuant to Rule 4.160(b)(5) will be judged by the standard set forth in that rule, i.e., the party seeking review will have to demonstrate irreparable harm and that there is no adequate remedy at law to rectify such harm.
If the court determines such prima facie basis for relief exists,[11] the court will *137 issue an order accepting jurisdiction and continued briefing in accordance with Florida Rule of Appellate Procedure 9.210.[12] The answer brief (and reply brief) will also need to address the jurisdictional issue. Thereafter the case will be processed as are other appeals of nonfinal orders.
We are not particularly enamored of this procedure. It means that cases under this new rule will have to be reviewed twice by a panel of this court. However, it seems to be the most efficient means of handling these matters given the wording of the new rule. We also recognize that we may have to revisit this procedure as we continue to gain more experience dealing with this type of case.[13]
In the instant case, claimant McClure was injured in Palm Beach County in 1984 while employed by Hines Electric and benefits were paid. Subsequently, McClure was again injured, this time while employed by Dick's Drywall in Lee County. McClure filed a claim in Lee County seeking to recover benefits from both of employers and their carriers. Hines successfully moved for a severance, contending that venue in Lee County was improper as to the claim against it. Dick's Drywall filed a "motion for contribution and/or exoneration" where it alleged that Hines was responsible for benefits payable to McClure. Hines opposed the motion on a variety of grounds, including venue. The JCC held that Dick's Drywall's claims against Hines could properly be heard in Lee County. Hines seeks review of that order. Because the order sought to be reviewed would be appealable as a nonfinal order under Rule 9.130, we exercise our discretion and accept jurisdiction.
We treat the certiorari petition as a notice of "appeal" and an initial brief. We treat the responses as answer briefs. Appellant shall have 20 days from date of this opinion to serve a reply brief. Absent further order of the court the record shall not be sent to this court.
JOANOS, C.J., and ALLEN, J., concur.
WOLF, J., specially concurs.
WOLF, Judge, specially concurring.
The court's opinion acknowledges that rule 4.160(b) was apparently intended to abolish the present inflexible approach to determining reviewability of nonfinal orders in workers' compensation cases. The opinion, however, provides that certain types of orders identified in rule 4.160(b), Florida Workers' Compensation Rules of Procedure, will always be reviewable[14] prior to the entry of a final order, and certain of these types of orders will never be reviewed[15] prior to entry of a final order. This interpretation is in conflict with the language of the rule itself, and perpetuates the inflexible approach to review of nonfinal orders which was in place prior to the adoption of the rule. The underlying reasons behind the result reached by the majority are (1) it will be easier to facilitate jurisdictional determinations, (2) there is not a good public policy reason to treat review of nonfinal workers' compensation orders different from orders entered in civil cases, and (3) the court can exercise control over our increasing caseload. While the goals may be laudable or constitute sound policy, the reasons do not provide a valid legal basis for ignoring the plain language of the rule itself.
*138 Rule 4.160(b) provides that the district court may review all of the types of orders identified in the rule itself. In determining which of the listed types of orders should be reviewed, this court, in keeping with the apparent flexibility contemplated by the rule, should reject a bright line test based upon the type of order which is to be reviewed, or a test which would consider only one particular aspect of a case. This court rather should utilize a number of factors in determining whether to intercede prior to final adjudication. These factors should include
(1) The extent the matter was reviewable by certiorari prior to the adoption of amended rule 4.160(b), Florida Workers' Compensation Rules of Procedure;
(2) the harm which will be suffered if the issue is determined to be only reviewable after entry of a final order;
(3) the extent of harm and potential delay which may result if the court exercises jurisdiction;
(4) the effect on providing needed benefits to the claimant in a timely manner;
(5) the extent to which appellant has demonstrated a departure from the essential requirements of law;
(6) the importance of the matter being appealed to the ultimate outcome of the litigation.
Utilization of these factors will allow the court flexibility to review cases which may have a significant impact on the parties or the litigation, while providing sufficient flexibility for the court to refuse those cases where the availability of interlocutory review is not of significant importance, thereby not over burdening the court. It is this flexibility that the majority opinion rejects.
In analyzing the above factors in the instant case, I agree with the majority that the court should exercise its discretionary jurisdiction in this matter and, therefore, concur.
In light of the lack of guidance in the rule and the great number of cases which may be impacted by any interpretation of the rules by the court, I would certify the following questions to be of great public importance:[16]
I. WHAT IS THE CORRECT LEGAL STANDARD TO BE UTILIZED BY THE DISTRICT COURT OF APPEAL IN DETERMINING WHETHER TO ACCEPT JURISDICTION PURSUANT TO RULE 4.160(b), FLORIDA WORKERS' COMPENSATION RULES OF PROCEDURE?
II. WHAT PROCEDURE IS TO BE UTILIZED BY THE PARTIES AND THE COURT IN A PROCEEDING INITIATED PURSUANT TO RULE 4.160(b), FLORIDA WORKERS' COMPENSATION RULES OF PROCEDURE?
III. WHAT IS THE STANDARD AND SCOPE OF REVIEW TO BE UTILIZED BY THE DISTRICT COURT ONCE JURISDICTION IS ACCEPTED PURSUANT TO RULE 4.160(b), FLORIDA WORKERS' COMPENSATION RULES OF PROCEDURE?
NOTES
[1] This new rule went into effect May 27, 1992. The petition in this case was filed after that date.
[2] The opinion states the need for this and other amendments to the Florida Rules of Workers' Compensation Procedure were prompted by 1989 and 1990 legislative changes to the Workers' Compensation Act, Chapter 440, Florida Statutes. Id. at 425.
[3] Rule 4.160(b) does not contain the word "appeal." Rule 4.160(e) which sets the time requirement for briefs under Rule 4.160(b), provides that appellant's initial brief "in an appeal of a nonfinal order" ... shall be filed with the notice of appeal." Adding to the perplexing nature of this rule, Rule 4.180(b)(1) (which concerns the record in such appeals) apparently requires a record be sent to this court. Rule 9.130 specifically excludes a record from being sent to the appellate court, unless requested by the appellate court. Rule 4.180(b)(2) refers to the party initiating appellate review as the "petitioner/appellant." This mixing of terms leads to the conclusion that the drafters of this new rule were not sure whether they were creating review by petition or review by appeal.
[4] There is a "bare bones" procedural mechanism established. See Rule 4.160(e); Rule 4.170(b).
[5] It should be noted that it appears that this rule was adopted without any meaningful input from the judges of this court, the court which has statewide primary jurisdiction over workers' compensation appeals. The supreme court's opinion notes that the proposed new rules were published in the Florida Bar News. Amendments, 603 So.2d at 425. Technically, that is not correct. All that was actually published was a summary of the proposed new rules. The actual rules were not included and the summary, in our opinion, is not accurate.
[6] We suspect that this is so because, unlike other types of appellate proceedings, workers' compensation appeals are by their very nature, to a large extent, piecemeal. See 1980 Committee Note, Fla.R.Work.Comp.P. 4.160. In workers' compensation appeals there is quite often more than one final order. Id. At one time, Rule 9.130 had been interpreted to allow for interlocutory appeals from some nonfinal orders in workers' compensation cases. Fidelity & Casualty Co. of New York v. Scott, 386 So.2d 315 (Fla. 1st DCA 1980). Upon amendment of rule 9.030(b)(1)(B) dealing with jurisdiction of district courts of appeal, limiting the applicability of rule 9.130 to orders of the circuit courts, it was determined that interlocutory appeals were no longer allowed in compensation cases. United States Fidelity and Guaranty Co. v. Sloan, 410 So.2d 549 (Fla. 1st DCA 1982).
[7] But see Doll House, Inc. v. Porter, 436 So.2d 425 (Fla. 1st DCA 1983) (certiorari review allowed on coverage question, but only because the effect of order was to totally remove a party from the litigation).
[8] But see All Weather Control v. Wawerczyk, 600 So.2d 517 (Fla. 1st DCA 1992) (court determined that required payment to out-of-state medical providers constituted irreparable harm where there was no mechanism to seek reimbursement).
[9] The language of the amended rule itself only requires irreparable harm in discovery cases. The other items listed in the rule do not contain the same requirement.
[10] This "stricter" standard allows us more control over our ever increasing case load. See In re: Certification of Judgeships, 611 So.2d 1244, 1246 (Fla. 1993).
[11] As we presently view the rule that means that under Rule 4.160(b)(1) we will review orders which determine jurisdiction of the person but will not review orders which regard subject matter jurisdiction, unless it meets the "stricter" standard. Review of orders under Rule 4.160(b)(3) must meet the "stricter" standard, unless that is the only defense in the case. Review under Rule 4.160(b)(4) must meet the "stricter" standard.
[12] To the extent the Florida Workers' Compensation Rules of Procedure are silent with respect to questions of appellate procedure, the Florida Rules of Appellate Procedure are fully applicable to proceedings before this court. Brannon v. Marion County Sheriff's Office, 391 So.2d 253 (Fla. 1st DCA 1980).
[13] We would also urge the Workers' Compensation Rules Committee to revisit the rules in question in an effort to alleviate the substantive and procedural problems discussed in this opinion. See footnote 5 herein.
[14] Orders which would be reviewable in civil cases pursuant to rule 9.130, Fla.R.App.P.
[15] Orders which would not be reviewable pursuant to rule 9.130, Fla.R.App.P., and those which do not meet the criteria for certiorari review. For example, the determination that insurance coverage existed would appear to be never reviewable prior to entry of a final order under the standard adopted by the court.
[16] I would also request that the Workers' Compensation Rules Committee revisit the rule in question to alleviate the substantive and procedural problems created by the rule's adoption.