ORDER ON MOTION FOR CLARIFICATION
PER CURIAM.
Counsel for appellee, Roman Korostish-evski, has sent a letter to the court asking for clarification of this court’s order to show cause why appellee’s brief should not be stricken for insufficient citations to the record. We treat the letter as a motion for clarification and grant the motion.
This is an appeal pursuant to Florida Rule of Workers’ Compensation Procedure 4.160(b)(3) which allows the interlocutory appeal of nonfinal orders which determine compensability.[1] In accordance with that Rule appellant filed an initial brief accompanied by an appendix. The “record” citations contained in the brief were to the appendix. Appellee filed an answer brief. That brief was not accompanied by an ap-pellee’s appendix. That brief contained no citations to appellants’ appendix. This court issued an order to show cause why the brief should not be stricken because “record references [were] lacking or insufficient.” In response appellee sent a letter to the clerk of the court asking for clarification of the order. The letter characterized appellants’ appendix as a “record of proceedings” constructed by appellants. In the letter, appellee’s counsel stated that he had never seen a record of proceedings constructed by one of the parties. Counsel indicated that since he was confused, he contacted the clerk’s office. The letter represents that the Clerk indicated to him that since this was an appeal of a nonfinal order it was proper for appellants to create their own “record of proceedings.” Counsel further indicated that upon receipt of the show cause order he contacted the clerk’s office again and one of the deputy clerks advised him that if he needed further clarification of the order, he should file a motion with the court seeking clarification. Despite that advice, counsel sent the letter seeking clarification of the order because he was “not altogether sure that a motion for clarification was the right procedural step.” While the court was considering the letter (motion), appellee filed an amended answer brief which contained citations to appellants' appendix. This court accepted the amended answer brief and discharged the show cause order. We write to provide clarification because, unfortunately, since the passage of amended Rule 4.160, we have been experiencing recurring procedural problems with appeals filed pursuant to the new rule, including the problem in this ease, i.e., the proper procedure for citations to the record in briefs.[2]
As we noted in Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993), in appeals pursuant to Rule 4.160(b) the appellant shall file, along with the notice of appeal, an initial brief and appendix. Fla.R.Work.Comp.P. 4.160(e). The appendix shall contain “the items set forth in ... *495 [Rule 4.180] (b)(1).” Rule 4.180 provides that the items to be included in the appendix are: “the order on appeal and such other items essential to the district court’s determination of the appeal.”[3] Thus, as in appeals of nonfinal orders under the Florida Rules of Appellate Procedure, appellants select what items are included in the initial appendix.
However, with regard to what appendix appellee should file, Rule 4.180(b)(3) is not so clear. That rule provides:
Response: Answer Brief. Within 20 days from the service of the notice of appeal of a non-final order and the initial brief, the respondent/appellee may file an answer brief and designate such other items considered essential to the court’s determination of the appeal. A copy of the answer brief and designated items shall be served on the petitioner/appellant.
We believe the intent of the rule was for an appellee to file an appellee’s appendix, including in the appendix those items not supplied in appellant’s appendix which the appellee feels are necessary to the court’s decision. Thus, in our opinion, appellees who wish to include additional documents should file their own appendix. Citations in their brief can then be to appellant’s appendix, appellee’s appendix or both, as may be appropriate.[4]
Having granted the motion for clarification, if appellee wishes to file an amended answer brief accompanied by an appellee’s appendix, appellee may, within ten days from the date of this order, file an appropriate motion with this court. In the absence of such a motion, appellants’ reply brief, if any, shall be due within 30 days from the date of this order.[5]
Finally, we feel compelled to comment that sending a letter to the court is not the proper procedure for seeking relief. If a party wants some relief from the court, that party shall file a motion. Fla. R.Work.Comp.P. 4.230(a); Fla.R.App.P. 9.300(a). Sending a letter or making a telephone call to the Clerk is simply improper.
JOANOS, C.J., and SMITH and WOLF, JJ., concur.

. We have not yet made a determination regarding jurisdiction. See Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993).

. In our opinion, a large part of the confusion stems from having separate appellate rules for workers’ compensation cases. There have been appeals of non-final orders under the appellate rules for many years with none of these problems. Counsel’s representation that he had never seen an appendix (“record of proceedings") prepared by appellant at first seemed unbelievable, but upon further reflection we realized that the Workers’ Compensation Rules of Procedure had not previously provided for the "appeal” of nonfinal orders and given the separate sets of rules, counsel may never have dealt with Rules 9.130 and 9.220.

. Since those are the same items that go in the Record in such cases, we see no reason for the Record to be sent to this court, although Rule 4.180 seems to require that a record be sent. Compare Fla.R.App.P. 9.130(d) (A record shall not be transmitted to the court unless ordered).

. One point appellee wished clarified was how he could include record citations in his brief when the brief was due long before the Record was prepared.

. We urge the Workers’ Compensation Rules Committee of The Florida Bar to address this problem, as well as the problems identified in Hines Electric. See Hines Electric v. McClure, 616 So.2d at 135 n. 5. In that regard we see no reason to have a different procedure regarding nonfinal orders and appendices from that which already exists in the Florida Rules of Appellate Procedure, i.e., the initial brief and appendix (as defined in Rule 9.220) are due within 15 days from the notice of appeal and the appellee’s brief and appendix, if any, are due 20 days thereafter.